█    In the Matter of PEASE & ELLIMAN, INC., Respondent, v. MAURICE A. REICHMAN, as Acting Commissioner of the Department of Rent and Housing Maintenance of the City of New York, Appellant, and RUTH ALLERSMEYER, Intervenor-Appellant.— Judgment entered March 24, 1970, which annulled a determination by the Commissioner of the Department of Rent and Housing Maintenance denying petitioner's application for a certificate of eviction and remanded the matter to the Commissioner for reconsideration, unanimously reversed on the law, with $50 costs and disbursements to appellants, and the petition is dismissed. The tenant has been in possession of Apartment 8N at 36 Gramercy Park East since 1943. The apartment is occupied by the tenant and her three adult children. On the application by the landlord pursuant to section 57 of the New York City Rent, Eviction and Rehabilitation Regulations for a certificate of eviction for the purpose of subdividing the apartment, the Commissioner found that there were six rooms in the apartment (exclusive of kitchen and bathrooms) and consequently on the basis of occupancy the apartment was not under-occupied. The Commissioner's finding had a reasonable basis, was neither arbitrary nor capricious, and, moreover, was consonant with prior determinations affecting the very areas in dispute. (*Matter of Mayfair-York Corp.* v. *McGoldrick*, 206 Misc. 925, affd. 285 App. Div. 945, mot. for lv. to app. den. 309 N. Y. 1029; *Matter of Mayfair-York* v. *Weaver*, 13 Misc 2d 829, affd. 9 A D 2d 613; *Matter of Evans* v. *Monaghan*, 306 N. Y. 312, 323–4; *Matter of Broadway-Amsterdam Assoc.* v. *Berman*, 31 A D 2d 907.) Concur — Stevens, P. J., McGivern, McNally and Tilzer, JJ.

█    In the Matter of the Arbitration between BOSTON OLD COLONY INSURANCE COMPANY, Respondent, and MARY L. MARTIN et al., Appellants.— Order entered September 15, 1969 staying arbitration unanimously reversed on the law and facts, with $30 costs and disbursements to the appellants, and the stay vacated. By active participation in the selection of the arbitrator, the respondent waived its right to stay arbitration and raise any objection to the service of the notice to arbitrate. The adjournment of the arbitration hearing at the request of the respondent without any reservation of rights constituted a waiver of any right to a stay of the proceedings and any objection to the proceedings. (*Matter of National Cash Register Co.* [*Wilson*], 8 N Y 2d 377; *Mid Atlantic Constr. Corp.* v. *Guido*, 30 A D 2d 232, 237; *Milton L. Ehrlich, Inc.* v. *Swiss Constr. Corp.*, 11 A D 2d 644.) Further, there was a request for medical information by the respondent which was furnished by the appellant. Concur — Stevens, P. J., Eager, McNally, Steuer and Tilzer, JJ.