ALLEN KNITTING MILLS, INC., Appellant, v. DORADO DRESS CORPORATION, Respondent.

First Department, June 27, 1972.

*Richard L. Aronstein* of counsel (*Jacob Krisel* with him on the brief; *Krisel, Lassall, Mintz & Dowling*, attorneys), for appellant.

*Elliott J. Solomon* of counsel (*Phillips, Nizer, Benjamin, Krim & Ballon*, attorneys), for respondent.

*Per Curiam.* By this proceeding petitioner seeks to eliminate from the scope of arbitration those demands which seek recovery of consequential damages, i.e., $40,000 for loss of profit; $100,000 from loss of goodwill and reputation. It is petitioner's contention that the arbitrators are without power to consider such items of damage since the contracts of sale contained a clause limiting the seller's liability to the difference in value between the goods specified and the goods actually delivered. Special Term, in denying the application, stated that " the arbitration clauses in the within contracts are sufficiently broad to vest the arbitral tribunal with exclusive jurisdiction of all disputes arising after the making of the contracts. Whether the claims made by respondent are proper are matters for determination by the arbitrators." We agree with this conclusion.

Each of the arbitration clauses provides as follows: " Any controversy or claim arising out of or relating to this contract, any interpretation thereof or breach thereof, shall be settled by arbitration ". The petitioner, despite this broad arbitration clause, would have this court decide that under no circumstances could the arbitrator make any award in excess of that provided for in the contract and hence, that the arbitrator is without power to consider the above-mentioned items of damage. However, the clause limiting the seller's liability is but one provision of the contract. It does not in any manner restrict the arbitrator's powers to consider " any controversy or claim arising out of or relating to this contract ". We note that in the absence of the limitation of liability contained in these contracts, the arbitrator under the broad arbitration clause would have the power to make an award of consequential damage. (See *United Buying Serv. Int. Corp.* v. *United Buying Serv. of Northeastern N. Y.*, 38 A D 2d 75, affd. 30 N Y 2d 822; 23 Carmody-Wait 2d, New York Practice, § 141:139.) The fact that the contracts contain a limitation of liability does not eliminate the question of consequential damages as a controversy or claim within the scope of the arbitration clause. Issues concerning the applicability of the damage limitation clause, its enforceability in this

particular instance, its validity, and any other issues concerning the question of the amount of damages recoverable in the face of such provision are for the arbitrator to determine. (Cf. *Matter of Chemspun Yarns,* 132 N. Y. S. 2d 823, affd. 285 App. Div. 1185.) Indeed, if we were to decide that the respondent is barred from seeking recovery of consequential damages, we would in effect be determining the merits of the claim, and this we may not do, no matter how frivolous the claim might appear to us. (CPLR 7501; *Matter of Vogel [Lewis],* 25 A D 2d 212, affd. 19 N Y 2d 589; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., § 7501.20; 22 Carmody-Wait 2d, New York Practice, § 141:24.)

A similar problem was considered by the Court of Appeals in *Matter of Granite Worsted Mills (Cowen)* (25 N Y 2d 451), albeit the issue arose in a different procedural context. In that case the arbitrator, despite the presence of a similar clause limiting liability, awarded damages far in excess of the total purchase price of the goods. The court, in reversing the order of the Appellate Division denying petitioner's motion to vacate the award, delineated the issue before it as follows. " Whether, when an arbitrator makes an award which on its face and without express mention of the fact ignores an express provision of the contract limiting damages, he is guilty of ' mere error ' or whether he has in fact exceeded his power '' (*supra,* p. 455). It was concluded that where " from the face of the award itself or from an examination of the computations made by the arbitrator that the arbitrator has included an element of damages specifically excluded by the contract pursuant to which he obtained his very authority to act, he exceeds his powers under the contract and the award thus made must be vacated under proper application '' (*supra,* p. 456). However, the court remitted the matter to the arbitrator and in so doing noted further: " There is no doubt that an arbitrator, if he so decides, *may indeed refuse to enforce such a damage limitation clause on the ground of unconscionability or on other grounds*\* and today's decision does not in any way limit that power. What is required, however, is that the award indicate that he has in fact deliberately and intentionally exercised that power so that judicial review can proceed without the need for speculation as to what has in fact occurred in the arbitral tribunal '' (*supra,* p. 457).

The dissent points to the distinction between an application to limit the scope of the submission as compared to an applica-

---

\* emphasis supplied

tion to vacate the arbitrator's award. No doubt, in some instances, the court's power on a motion to vacate an award might be more circumscribed than if a motion had been made prior to the submission to the arbitrator. However, the question is one concerning the arbitrator's power to consider the issues raised. Where as here there is a broad grant of power, we may not curtail the submission on a matter well within that grant of power. As recognized by the Court of Appeals in the *Granite Worsted* case (*supra*), it is within the arbitrator's power not to enforce the clause in question. Nor may we speculate that if the arbitrator fails to enforce the limitation of liability, that such would be an impermissible change of the terms of the contract. Such a determination must await a fuller presentation of the facts underlying the controversy. Of course, if the arbitrator does ignore the provision, it must be indicated that he "in fact deliberately and intentionally exercised [his] power so that judicial review can proceed without the need for speculation as to what has in fact occurred in the arbitral tribunal." (*supra*, p. 457).

Accordingly, the judgment entered January 4, 1972 denying petitioner's application for a stay of arbitration, should be affirmed without costs and disbursements to the respondent.

STEUER, J. (dissenting). This application to stay arbitration is in reality one to limit the issues to be submitted to arbitration. The contract is one for the sale of textiles. The buyer, claiming the goods to be defective, demanded arbitration. The contract provides: " The limit of liability of Seller for defective merchandise shall be the difference in value on contract date of delivery between goods specified and goods actually delivered. * * * In no event shall Buyer be entitled to claim any other damages or any consequential damages for defective goods or late delivery or non-delivery and in no instance shall damages include profit on contemplated use or profit of any description."

The demand for arbitration seeks damages for loss of profits in the sum of $40,000 and loss of goodwill in the sum of $100,-000. The application seeks to have these items stricken from the demand. There is no dispute that these items are not recoverable under the contract but the majority of the court hold that nevertheless it is proper to allow the arbitrator to pass upon them. This result is apparently brought about by the phrase in the arbitration clause conferring on the arbitrator the power to interpret the contract. Where there is no controversy as to the plain meaning of a provision in a contract, it is impermissible under the guise of interpretation to change

or avoid it (*Matter of Western Union Tel. Co.* [*ACA*], 299 N. Y. 177, 184; 10 N. Y. Jur., Contracts, § 189). An arbitrator has no greater latitude in this respect than does a court.

Some confusion has arisen from the manner and at what stage of the arbitration this question has been raised. Where, as here, the application has been made on a motion prior to the submission to the arbitrator, the law seems very clear that the submission must be made to conform to the contract (*De Lillo Constr. Co. v. Lizza & Sons,* 7 N Y 2d 102, 106; *Matter of Marchant v. Mead-Morrison Mfg. Co.,* 252 N. Y. 284). Where the question is raised on a motion to confirm the award, there is always the difficulty of determining just what the arbitrator did decide. In that event the party objecting to confirmation must show that the award includes damages in excess of those allowable under the contract (*Matter of Deering Milliken & Co.* [*Boepple Sportswear Mills*], 4 A D 2d 652, affd. 4 N Y 2d 956). But where the award itself shows that the arbitrator did not follow the contract provisions in calculating damages, it will be vacated (*Matter of Stange v. Thompson-Starrett Co.,* 261 N. Y. 37). Furthermore such a deviation from the contract terms is not an error of fact or law that does not vitiate the award but is a repudiation of the contract (*Matter of Stange v. Thompson-Starrett Co., supra,* p. 42).

It would naturally follow that orderly procedure would best be served by limiting the scope of the arbitration at the outset instead of inviting the arbitrator to fall into error by submitting to him issues on which he is powerless to act. Nothing in *Matter of Granite Worsted Mills* (*Cowen*) (25 N Y 2d 451) mandates the contrary. While an arbitrator may rule a contract provision inapplicable or unenforceable because he deems it unconscionable, both the majority and the dissent there recognize that there is a limitation on such power, that limitation being the one enunciated by the court in *Matter of National Cash Register Co.* (*Wilson*) (8 N Y 2d 377) namely, whether the construction is such as may reasonably be given it (see dissent of BREITEL, J. in *Granite, supra,* pp. 458–459). In *Granite,* the determination was to remand to the arbitrator to clarify his award so that an advised determination could be made as to whether or not he exceeded his powers. It should be pointed out that in that case the limitations on recovery were so drastic that a finding of unconscionability was well within the area of reasonbleness. Here there is no suggestion that a limitation of liability to the amount of the transaction to protect against insatiable claims is contrary to good conscience.

MARKEWICH, J. P., KUPFERMAN, TILZER and EAGER, JJ., concur in *Per Curiam* opinion; STEUER, J., dissents in an opinion.

Judgment, Supreme Court, New York County, entered on January 4, 1972, affirmed, without costs and without disbursements.