HODGES INTERNATIONAL INC., Respondent, *v.* REMBRANDT FABRICS, LTD. et al., Appellants.

First Department, March 21, 1974.

*Harry L. Bayles* for appellants.

*J. John Lawler* for respondent.

STEUER, J. This appeal is from an order and a judgment, the order denying a stay of arbitration and the judgment confirming the award of the arbitrators. The grounds of the first appeal are that there was no contract in writing to arbitrate. We are of the opinion first that such a contract was established, as Special Term found, and secondly that appellant by participating in the arbitration foreclosed further rights to protest. The transaction in question was the purchase of a quantity of yarn by the appellant from the respondent. Two brokers were involved in the transaction and the contract is set out in a sales note by one of them, Kaye & Grubman. There is no question as to the arbitration clause. The issue which was sought to be raised was whether this sales note was ever received by appellant. Special Term regarded the denial of receipt as sham, and we believe rightfully so. In a subsequent confirmation signed by appellant the Kaye & Grubman sales note is identified by number as the order for the purchase. On the invoices for the shipments so made the same notation appears regularly. Reference to the sales note appears frequently in other correspondence, all of which was admittedly received. The sales note is the only authenticated statement of the terms of sale, and those terms were never questioned. It is inconceivable that appellant had never received it.

After appellant's application was denied, appellant participated in the arbitration, announcing that in so doing it wished

to preserve its rights to contest its obligation to arbitrate. This reservation was without effect. There are two general grounds for objecting to an award provided for in CPLR 7511 (subd. [b], pars. 1, 2). The grounds set out in paragraph 1 are for irregularities in the arbitration itself. An application by a participant in the arbitration may be entertained unless he waives it by failure to object to the irregularity. Paragraph 2 deals with other irregularities, including the absence of an agreement to arbitrate. These objections are limited to a party who did not participate in the arbitration. Here the appellant did not apply either in this court or the court below to stay the hearings until his appeal from the denial of a stay was heard. It is no longer open to him to object on the grounds advanced.

The objection to the arbitration itself is on the grounds of partiality of one of the members of the panel. The charge of partiality is based on the arbitrator's acquaintance with one of the witnesses, an employee of one of the brokers who testified for the respondent. Of him the arbitrator stated that he had known him for 15 years, and during that entire period he talked too much. This hardly indicates bias against the appellant. Moreover, the courts have long recognized that the very purpose of arbitration is to have controversies decided by persons knowledgeable in the particular industry, and that it is therefore inevitable that there will be repeated instances of acquaintanceship between arbitrators and parties and witnesses in the proceeding. Acquaintanceship is no basis for a finding of bias (*Matter of Colony Liq. Distrs.* [*International Brotherhood of Teamsters*], 34 A D 2d 1060).

The order entered January 11, 1972 (GOLD, J.) denying a stay of arbitration and the judgment entered April 6, 1973 (HELMAN, J.) confirming the arbitration award should be affirmed, with costs.

LYNCH, J. (concurring). I agree that both the order and the judgment should be affirmed, the former because a contract to arbitrate was properly found, the latter because there was no showing that one of the arbitrators was biased. I cannot agree with the additional reason that the order should be affirmed because the appellant has waived its right to protest it on appeal by participating in the arbitration.

The use of this reason reaches outside of the argument before the Special Term, violating the stipulation of the parties that the order should be reviewed together with the judgment. This stipulation was made long after the time to appeal the order had expired undoubtedly because the parties understood that

80

the appellant had participated in the arbitration " reserving all of its rights ".  Pursuant to the stipulation's intention, the respondent has not, on this appeal, raised the objection that participation should be deemed a waiver.  Courts should observe the stipulations of parties (*Matter of New York, Lackawanna & Western R.R. Co.*, 98 N. Y. 447) and permit them, if they choose, to " chart their own procedural course through the courts " (*Stevenson* v. *News Syndicate Co.*, 302 N. Y. 81, 87).

Recognizing that " stipulations as to procedural matters may be refused enforcement if they are disruptive of orderly procedure " (2A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2104.02), I see no inhibition against vacating a judgment on an award, of itself not subject to attack under CPLR 7511, if the finding of the statutory condition precedent, the existence of a contract to arbitrate, had to be vacated in a contemporaneously argued appeal.  Holding otherwise requires two appeals where one would do and needlessly protracts the litigation contrary to the purpose of the arbitration process (see *Matter of Mole* [*Queen Ins. Co.*], 14 A D 2d 1).

NUNEZ, J. P., CAPOZZOLI and LANE, JJ., concur with STEUER, J.; LYNCH, J., concurs in an opinion.

Order and judgment, Supreme Court, New York County, entered on January 11, 1972, and April 6, 1973, respectively, unanimously affirmed.  Respondent shall recover of appellants $60 costs and disbursements of these appeals.