(November 3, 1977)

■ ARTHUR RICHARDS LTD., Appellant, v BRAMPTON TEXTILES, LTD., Respondent.—Orders, Supreme Court, New York County, entered May 23, 1977, respectively denying petitioner's motion to stay arbitration and granting respondent's motion to compel arbitration, unanimously modified, on the law, without costs and without disbursements, to the extent of staying arbitration with respect to the issue of attorneys' fees and, as so modified, affirmed. Petitioner's contention that the arbitration clause is unenforceable because it lacks mutuality, i.e., it can be invoked only at the option of the seller, may not be urged at this time because such contention was not urged at Special Term in support of petitioner's request for a stay (see *Matter of Angel Fabrics [Cravat Pierre, Ltd.]*, 51 AD2d 951; *Matter of Boston Old Colony Ins. Co. [Martin]*, 34 AD2d 776). Under the broad arbitration clause herein, consequential damages are within the scope of arbitration (see *Allen Knitting Mills v Dorado Dress Corp.*, 39 AD2d 286). In *Matter of Granite Worsted Mills (Aaronson Cowen, Ltd.)* (25 NY2d 451, 457) the Court of

Appeals noted that an arbitrator may even ignore a damage limitation clause on the ground of unconscionability or on other grounds, so long as it is indicated that he "in fact deliberately and intentionally exercised that power so that judicial review can proceed without the need for speculation as to what in fact occurred in the arbitral tribunal." The arbitration clause does not refer to attorneys' fees. Under CPLR 7513, "The parties may, if they wish, provide for the reasonable payment of attorney's fees by the losing party. In the absence of an agreement, CPLR 7513 provides that such fees would not be included as expenses" (8 Weinstein-Korn-Miller, NY Civ Prac, par 7513.02; see *Matter of Central School Dist. No. 1, Town of Highlands v Double M. Constr. Corp.,* 46 AD2d 800). Since it is not indicated on this record that the agreement contains such provision for attorneys' fees, that claim may not be submitted to arbitration. Concur—Murphy, P. J., Lupiano, Evans and Capozzoli, JJ.