## (March 23, 1978)

■ INTERNATIONAL MODULAR HOUSING, INC., Appellant, v ATLANTA SHIPPING CORPORATION et al., Respondents.—Order, Supreme Court, New York County, entered July 22, 1977, modified, on the law, without costs or disbursements, to the extent of striking all references in the decretal paragraphs thereof to the seventh cause of action stated in the complaint, and otherwise affirmed to the extent appealed from, for the reasons stated at Special Term. The order was not appealed from in respect of denial of the stay of arbitration as to the subject matter of the first three causes of action, to which the counterclaim stated in the answer was addressed. We strike the stay in respect of the seventh cause which seeks *punitive damage,* as against public policy *(Matter of Publishers' Assn. of N. Y. City [Newspaper & Mail Deliverers' Union of N. Y.],* 280 App Div 500). We add that there was no voluntary waiver of arbitration, as is stated in the dissent. Demand for

arbitration was timely, indeed virtually immediately upon service of the complaint. Assertion of the counterclaim was not a waiver of arbitration; in the peculiar context of a complaint consisting of both arbitrable and nonarbitrable claims, the steps taken by defendant by way of protection against the nonarbitrable ones may not be deemed a waiver of arbitration as to the others. Concur—Lupiano, Lane, Markewich and Sandler, JJ.; Murphy, P. J., dissents in part in a memorandum, as follows: There is no dispute that the arbitration clause in the Liner Book Note, a maritime agreement, is governed by the provisions of the Federal Arbitration Act (US Code, tit 9, § 1, *et seq.; Matter of Rederi [Dow Chem. Co.],* 25 NY2d 576, 581). Under Federal case law, a party may waive its right to demand arbitration by counterclaiming for damages or seeking disclosure in an action brought by the opposing party. *(American Locomotive Co. v Gyro Process Co.,* 185 F2d 316; *The Belize,* 25 F Supp 663, app dsmd 101 F2d 1005.) In this proceeding, Atlanta counterclaimed on the promissory note, an item clearly not covered by the subject arbitration clause. Thus, Atlanta expressed its choice to resolve all outstanding controversies in the courts *(De Sapio v Kohlmeyer,* 35 NY2d 402, 406). Likewise, by seeking disclosure, Atlanta actively participated in this action *(De Sapio v Kohlmeyer, supra;* cf. *Matter of Boston Old Colony Ins. Co. [Martin],* 34 AD2d 776; cf. *Hodges Int. v Rembrandt Fabrics,* 44 AD2d 77). Accordingly, the order, insofar as appealed from, should be modified by vacating so much thereof as stayed the fourth, fifth, sixth and seventh causes of action and ordered arbitration thereon, by denying Atlanta's request for a stay of those four causes, and that, as modified, it should be affirmed.