■ MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.—Judgment of the Supreme Court, New York County (Irving Kirschenbaum, J.), entered on or about August 8, 1988, which, *inter alia,* granted petitioner's motion to confirm an arbitration award, unanimously modified, on the law, to the extent of vacating the monetary award of $10,000, and except as so modified, affirmed, without costs.

Respondent Nationwide, having participated in the arbitration whose result it seeks to vacate, is limited at this stage of the proceedings to obtaining vacatur upon one of the grounds set forth in CPLR 7511 (b). The ground upon which it primarily relies, however, i.e., that petitioner was not a signatory to the agreement pursuant to which the arbitration was conducted, is not among those enumerated in CPLR 7511 (b), and, accordingly, cannot at this stage be entertained as a basis for the award's vacatur. *(See, Hodges Intl. v Rembrandt Fabrics,* 44 AD2d 77; *see also, Matter of Aaacon Auto Transp. [State Farm Mut. Auto. Ins. Co.],* 41 NY2d 951.) The question should

have been litigated, if at all, before the parties proceeded to arbitration. *(See, supra;* CPLR 7503 [b].)

We modify only to the extent of vacating the court's confirmation of a purported $10,000 monetary award. No monetary award was made by the arbitrator, hence none could have been properly confirmed by the court. Concur—Murphy, P. J., Ross, Carro, Rosenberger and Smith, JJ.