■ In the Matter of the Arbitration between GEORGE MC-NULTY, Respondent, and LOCALS 40, 361 & 417 UNION SECURITY FUNDS OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRONWORKERS, Appellant.—In a proceeding to stay the arbitration of claims that the petitioner failed to make certain union benefit fund contributions required under a collective bargaining agreement, the appeal is from a judgment of the Supreme Court, Suffolk County (Lama, J.), entered November 15, 1989, which granted the application.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing and further proceedings in accordance herewith.

There should be a hearing on the issue of whether the petitioner conducted his business affairs in such a manner as to warrant that the corporate veils of his various corporate enterprises be pierced *(see, Glasser v Price,* 35 AD2d 98). Assuming that such a showing is made after a hearing, then the petitioner, who was not a signatory to the collective bargaining agreement requiring the arbitration of such disputes, may be compelled to submit to arbitration of the appellant's claim that the judgments obtained against Certified Erectors, Inc., may be satisfied by the assets of the petitioner's other alleged corporate holdings or out of his personal assets *(see, Matter of Sbarro Holding [Shiaw Tien Yuan],* 91 AD2d 613).

By participating in the arbitration proceedings prior to moving for a stay, the petitioner has waived his objections thereto *(see, Matter of Home Mut. Ins. Co. v Springer,* 130 AD2d 493; *Matter of Boston Old Colony Ins. Co. v Martin,* 34 AD2d 776). However, in the event that the court finds that the petitioner is shielded from personal liability after a hearing, a stay of arbitration should issue against the petitioner in his individual capacity. Thompson, J. P., Kunzeman, Miller and Copertino, JJ., concur.