■ MORRELL & COMPANY, THE WINE EMPORIUM, LTD., Ap-
pellant, v LEHR CONSTRUCTION CORP., Respondent. [730 NYS2d
709] —Order, Supreme Court, New York County (Barbara Kap-
nick, J.), entered on or about June 6, 2001, denying plaintiff's
motion to stay the arbitration of defendant's claim set forth in
its amended demand for arbitration and referring the issue of
the claim's arbitrability to the arbitrators, unanimously af-
firmed, with costs.

The court notes the breadth of the arbitration clause in the
parties' contract and their agreement that arbitration of
disputes arising under their contract would be governed by the
rules of the American Arbitration Association. They provide for
the arbitrator's application and interpretation of American
Arbitration Association rules insofar as they relate to the
arbitrator's powers and duties. Accordingly, the motion court
properly declined to stay arbitration of defendant's amended
demand for arbitration, leaving the arbitrability of the claim
contained therein, one for attorney's fees, to be decided by the
arbitrator (*see, PaineWebber Inc. v Bybyk*, 81 F3d 1193; *see
also, Matter of Smith Barney Shearson v Sacharow*, 91 NY2d
39). While it is true that absent agreement or legal rule to the

contrary, attorneys' fees incurred in the course of an arbitration itself are not recoverable by a party; here, the claim is for legal fees incurred by defendant in resisting alleged breaches of the underlying agreement by plaintiff's previous recourse to litigation instead of the arbitration remedy provided by the contract. Concur—Williams, J. P., Andrias, Wallach, Lerner and Marlow, JJ.