**STONE & WEBSTER, INC.,**
**Petitioner–Appellant,**

v.

**TRIPLEFINE INTERNATIONAL**
**CORPORATION, Respondent–**
**Appellee.**

**No. 03–9082(L).**

United States Court of Appeals,
Second Circuit.

Dec. 20, 2004.

548

Judith A. Lockhart, Carter, Ledyard & Milburn, New York, N.Y., for Appellant.

William J.T. Brown, LeBoeuf, Lamb, Greene & MacRae, L.L.P., New York, N.Y., for Appellee.

PRESENT: NEWMAN, MINER, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

We assume the parties' familiarity with the facts.

### I. Jurisdiction

Whether or not the jurisdiction of the District Court under 9 U.S.C. § 9 to confirm the award requires an explicit agreement by the parties to judicial confirmation, *see Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 705 (2d Cir.1985); *Varley v. Tarrytown Associates, Inc.*, 477 F.2d 208, 210 (2d Cir.1973), jurisdiction is proper under Chapter Two of the Federal Arbitration Act, applicable to arbitrations conducted under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, T.I.A.S. No. 6997. The confirmation provision of Chapter Two, section 207, does not contain a condition requiring the agreement of the parties to judicial confirmation. This section simply allows a court to confirm an international award upon application of the parties within three years. *See* 9 U.S.C. § 207 (2000). This provision states:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

*Id.*

■ The initial issue under section 207 is whether this case involves an international arbitration. We agree with the Respondents that it does. "[A]wards 'not considered as domestic' denotes awards which are subject to the Convention not because made abroad, but because made within the legal framework of another country, *e.g.*, pronounced in accordance with foreign law or involving parties domiciled or having their principal place of business outside the enforcing jurisdiction." *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir.1997) (quoting *Bergesen v. Jo-*

*seph Muller Corp.,* 710 F.2d 928, 932 (2d Cir.1983)). " '[A]ny commercial arbitral agreement, unless it is between two United States citizens, involves property located in the United States, and has no reasonable relationship with one or more foreign states, falls under the Convention.' " *Id.* at 19 (quoting *Jain v. de Méré,* 51 F.3d 686, 689 (7th Cir.1995)). The arbitration in the pending case is subject to the Convention because it involves a foreign entity in a dispute with U.S. entities concerning a contract to be performed in Taiwan.

■ Since the Convention is applicable, the award may be confirmed under section 207, unless some other provision overrides it. The provisions of Chapter One and Chapter Two are both to be applied to the extent they do not conflict. *See Yusuf,* 126 F.3d at 20. Section 208 of the FAA states, "Chapter 1 applies to actions and proceedings brought under this chapter to the extent that chapter is not in conflict with this chapter or the Convention as ratified by the United States." 9 U.S.C. § 208 (2000). If section 9 applies, the consent-to-confirmation provision is applicable (with some exceptions), *see Kallen v. District 1199, National Union of Hospital and Health Care Employees, RWDSU, AFL–CIO,* 574 F.2d 723 (2d Cir.1978); *I/S/ Stavborg v. National Metal Converters, Inc.,* 500 F.2d 424 (2d Cir.1974); *Smiga v. Dean Witter Reynolds, Inc.,* 766 F.2d 698 (2d Cir.1985), but if section 9 conflicts with section 207, then section 207, which does not contain the consent requirement, governs.

In *Phoenix Aktiengesellschaft v. Ecoplas, Inc.,* No. 03–9000, 2004 WL 2828941 (Dec. 10, 2004), we recently ruled that section 9 does conflict with section 207, precisely on the issue of a required consent to confirmation. In light of *Phoenix,* section 207 applies here, and supports the District Court's jurisdiction. *See McDermott International, Inc. v. Lloyds Underwriters of London,* 120 F.3d 583 (5th Cir. 1997).

■ Although Taiwan is not recognized as an independent state and is not a signatory to the Convention, a party need not come from a signatory state in order for the Convention to apply. *See Smith/Enron Cogeneration Ltd. Partnership, Inc. v. Smith Cogeneration International, Inc.,* 198 F.3d 88, 94 (2d Cir.1999).

## II. Substantive Issues

Once jurisdiction is established, each of the remaining issues requires only the limited review of the arbitrator's decision appropriate to determine whether confirmation was properly ordered. The appellant challenges the award of attorney fees, challenges the arbitrators' interpretation of the contract, and makes two other miscellaneous challenges.

■ A. *Attorneys' Fees.* The Appellant contends that the arbitrator manifestly disregarded the law of New York in granting attorneys' fees incurred (1) in the arbitration and (2) in the litigation to compel arbitration. New York's statutory law provides that, "unless otherwise provided in the agreement to arbitrate ... other expenses, not including attorney's fees, incurred in the conduct of the arbitration, shall be paid as provided in the award." N.Y. C.P.L.R. 7513 (McKinney 1998). The Appellant also claims that New York law follows the "American Rule" in denying legal fees in breach of contract cases.

Even in the face of New York's prohibition, we have held that if there is a choice of law clause selecting New York law, the parties may still arbitrate the issue of attorneys' fees. *See PaineWebber Inc. v. Bybyk,* 81 F.3d 1193, 1202 (2d Cir.1996); *cf. Mastrobuono v. Shearson Lehman*

*Hutton, Inc.,* 514 U.S. 52, 59–60, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995) (with a New York choice of law clause, an arbitrator may award punitive damages, notwithstanding that New York does not allow arbitrators to award such damages). New York permits an arbitrator to award legal fees for the breach of an agreement, *see Morrell & Co. v. Lehr Construction Corp.,* 287 A.D.2d 257, 258, 730 N.Y.S.2d 709 (1st Dep't 2001), and ICC rules allow a grant of attorneys' fees and the arbitrator clearly indicated that he was following the ICC rule. Furthermore, New York allows a waiver of section 7513, and the use of ICC rules provides such a waiver. *See Arthur Richards, Ltd. v. Brampton Textiles, Ltd.,* 59 A.D.2d 842, 843, 399 N.Y.S.2d 111 (1st Dep't 1977). Although attorneys' fees were disallowed in *Asturiana De Zinc Marketing, Inc. v. LaSalle Rolling Mills, Inc.,* 20 F.Supp.2d 670 (S.D.N.Y.1998), that case relied on the rules of the American Arbitration Association, which did not specifically grant attorneys' fees, while the instant case is subject to the ICC rules, which allow for them.

■ B. *Contract Interpretation.* The Appellant maintains that the arbitrator should be reversed on two issues of contract interpretation: first, that the arbitrators awarded compensation to Triplefine based upon payments received after the Shaw Group had terminated the Representation Agreement, and second, that Triplefine did not have a "vested right" in the contract. These claims are no more than disputes about the reasonable interpretation of the contract, and their resolution does not remotely rise to the level of "manifest disregard of the law." *DiRussa v. Dean Witter Reynolds Inc.,* 121 F.3d 818, 821 (2d Cir.1997). The Second Circuit has previously said, "whatever arbitrators' mistakes of law may be corrected, simple misinterpretations of contracts do not appear one of them." *Stavborg* 500 F.2d at 432.

■ C. *Miscellaneous issues of fact.* The Appellant contends that the arbitrator manifestly disregarded the law by not reducing the award by costs Triplefine may have saved due to the termination, but this claim is no more than a dispute about the facts reasonably to be found from the evidence. The arbitrator found that there were no costs saved by Triplefine as a result of the termination. The arbitrator reasoned that Triplefine only did things requested by Stone & Webster and, because Stone & Webster no longer needed them, they would not have had any future costs in any event. The arbitrator determined, based upon the evidence, that there were no costs to be deducted.

■ The Appellant also asserts that, because of potential recalculations in the contract with Taipower and the differences in calculation methods between the Original TPC Contract and the Continuation Contract, Triplefine will be overpaid, will keep the money, and the Appellant will need to seek arbitration against a "shell corporation" to get their money back if the court does not order a bond or undertaking. However, the District Court found that the future adjustment was not indefinite and was a product of the original agreement between the parties. *The Shaw Group,* 2003 WL 22077332, at *4. A trial court's finding of finality is reviewed for clear error. *See Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.,* 157 F.3d 174, 176 (2d Cir.1998). The arbitrator provided that Triplefine would receive a percentage of project costs and "true up" at the conclusion of the contract for adjustments. Even if the arbitrator was mistaken as to aspects of each contract and made a mistake in application, he provided detailed analysis of his findings, and that is enough. "When arbitrators explain their conclu-

sions ... in terms that offer even a barely colorable justification for the outcome reached, confirmation of the award cannot be prevented by litigants who merely argue, however persuasively, for a different result." *Andros Compania Maritima, S.A. v. Marc Rich & Co., A.G.,* 579 F.2d 691, 704 (2d Cir.1978).

The judgment of the District Court is affirmed. The Respondent–Appellee's request for sanctions pursuant to Rule 38 of the Federal Rules of Appellate Procedure is denied.