■ In the Matter of the Arbitration between GOVERNMENT EMPLOYEES INSURANCE COMPANY et al., Appellants, and ROBERT J. JOHNSTON, JR., et al., Respondents.—Appeals from a judgment of the Supreme Court at Special Term, entered March 9, 1979 in Ulster County, which denied petitioners' application, in a proceeding pursuant to CPLR article 75, for a permanent stay of arbitration. This proceeding to stay arbitration was instituted by the Government Employees Insurance Company (GEICO) and the North River Insurance Company (North River) in opposition to the efforts of respondent Johnston to determine a claim involving first-party benefits under the provisions of subdivision 2 of section 675 of the Insurance Law. Their application was denied by Special Term on the ground that they had participated in the arbitration. In our opinion its judgment should be affirmed. The factual details of this affair are relatively uncomplicated. Johnston sustained personal injuries on September 19, 1976 when the automobile in which he was riding as a passenger was involved in a collision. First-party benefit payments were apparently refused by GEICO because its policy of insurance on the vehicle had been canceled before the incident, and they were likewise denied by North River because its policy naming Johnston as an insured had also been canceled prior to the accident. Although respondent Firemen's Fund Insurance Company commenced paying such benefits on the basis of a policy it had issued to Johnston's father (see Insurance Law, § 672, subd 1, par [b]), a dispute arose when it resisted a claim for loss of earnings and Johnston invoked the arbitration procedures contained in section 675 of the Insurance Law to resolve that issue. It is not entirely clear which of these respondents first recognized that GEICO or

North River or both might bear some degree of liability for payments if their respective policies had not been validly canceled, but the possibility eventually generated letters from the American Arbitration Association to the petitioners advising them that they were being added as parties to the arbitration at the request of Johnston's attorney. GEICO denies receipt of this notice, but acknowledges it was later informed of the scheduled hearing date. Following an adjournment, petitioners and respondents appeared before the arbitrator on August 25, 1978, and, after it objected to participation in the matter, GEICO developed evidence relating to the cancellation of its policy. However, before the next hearing date was reached, petitioners commenced the instant proceeding. While the notification procedure may have been somewhat irregular, both petitioners were fully cognizant of the date of the proposed arbitration and the nature of the controversy to be resolved thereat. It is well settled that only "a party who has not participated in the arbitration" may apply to have it stayed (CPLR 7503, subd [b]; *Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 382-383) and it seems plain to us that petitioners waived their opportunity to have a court examine their various contentions by proceeding with the arbitration. Nor may GEICO rely on its initial objection. We are not persuaded by the Federal authorities called to our attention on the subject because our statutory framework does not tolerate belated court intervention into questions of threshold arbitrability (cf. *Mobil Oil Indonesia v Asamera Oil [Indonesia],* 43 NY2d 276, 281; *Matter of National Cash Register Co. [Wilson], supra).* Judgment affirmed, with one bill of costs to respondents. Mahoney, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.