OPINION OF THE COURT
 

 Bellacosa, J.
 

 These appeals require this Court to decide whether a party loses its opportunity for appellate review of the denial of an application to stay arbitration under CPLR article 75 when it participates in an arbitration without seeking an interim stay of the. effectuation of the denial order. We answer the question in the affirmative.
 

 These proceedings arise out of a dispute concerning insurance coverage for injuries suffered by claimant-respondent Suzanne Nester. She was hurt in a traffic accident when she was struck by a taxicab while riding a bicycle in Manhattan in September 1991. The liability insurer for the taxi tendered its policy limits of $20,000/$40,000 to the injured party.
 

 On December 12, 1991, petitioner-appellant Commerce and Industry Insurance Company (Commerce) received a Notice of Intention to Make Claim seeking additional sums as compensation for Nester’s injuries. The claim was based on an Uninsured Motorist Coverage Endorsement to a Commercial Auto Coverage Policy issued to Long Beach Memorial Hospital. The policy was in full force and effect at the time of the accident. The Hospital was the employer of the injured person’s father. He was included as an authorized driver of hospital vehicles on a list the Hospital submitted to its insurer, Commerce. Nester asserted that her father was a covered insured under the policy and that she therefore qualified for insurance as a "family member” under the policy’s underinsurance endorsement. Commerce did not issue a disclaimer of coverage, though nei
 
 *260
 
 ther the father nor any Hospital vehicle were in any way involved in the accident that resulted in Nestor’s injuries.
 

 On May 25, 1993, Nester served Commerce with a demand for arbitration before the American Arbitration Association (AAA). Commerce then sought to stay the arbitration in Supreme Court on June 24, 1993, on the grounds that there was no coverage and no agreement to arbitrate. It argued that, pursuant to the terms of the Hospital policy, coverage is provided to a family member who was not operating a "covered automobile” only if the "named insured” is an "individual.” It relied on this Court’s decision in
 
 Buckner v Motor Vehicle Acc. Indem. Corp.
 
 (66 NY2d 211). Nester opposed the stay, asserting that it was untimely under both CPLR 7503 (c) and Insurance Law § 3420 (d). She further argued on the merits that her accident was covered by the policy.
 

 Supreme Court dismissed Commerce’s petition and directed the parties to proceed to arbitration on the ground that the policy was ambiguous. It construed the policy terms against Commerce and held that Nester’s father was a named insured and that she, as his daughter, was covered under the policy as a "family member” based on her residence in her father’s household. The court also held that Commerce had failed to comply with the time limitations in CPLR 7503 (c) and Insurance Law § 3420 (d). Commerce filed a notice of appeal to the Appellate Division.
 

 Shortly thereafter, Commerce asked AAA to stay the arbitration, pending the outcome of its appeal. Nester opposed this request and AAA promptly directed the parties to proceed to arbitration. The panel held a hearing several months later at which both parties appeared. Without objection from the parties, the panel accepted proof from both of them concerning the extent of Nester’s injuries and awarded her damages in the sum of $1 million "over and above all amounts already received.”
 

 Supreme Court granted Nester’s motion to confirm the award and a judgment in the amount of $1,035,000, including interest, was entered against Commerce. The court held that it could not deny confirmation of the award on the grounds that an appeal from the order denying a stay of arbitration was still pending in the Appellate Division, and noted that Commerce never applied for a "temporary stay pending the appeal.” It further rejected Commerce’s request for a setoff of amounts Nester received from other insurance, stating that
 
 *261
 
 "such a request is in reality a request for modification of the arbitrator’s award and [Commerce] has not offered any ground for such modification recognized by CPLR 7511 (c).” Commerce also appealed this order confirming the award.
 

 The Appellate Division then decided both appeals. In separate orders, it dismissed Commerce’s appeal from the denial of a stay of arbitration and affirmed the confirmation of the award. In the confirmation proceeding, the Court held that the absence of an agreement to arbitrate was not a basis for vacating or modifying an arbitration award where a party had participated in the arbitration (227 AD2d 556). In the stay proceeding, the Court relied on
 
 Matter of Beagle (MVAIC)
 
 (19 NY2d 834) and held that Commerce, by participating in the arbitration following Supreme Court’s denial of a stay, lost its right to appellate review (230 AD2d 795). The late Justice Balletta concurred in result only, on constraint of
 
 Matter of Beagle
 
 (19 NY2d 834, supra) and related cases, suggesting that coverage should not be created by estoppel, citing
 
 Zappone v Home Ins. Co.
 
 (55 NY2d 131).
 

 Commerce appeals from both orders by leave granted by this Court. It argues that it should not lose its right to appellate review by reason of its participation in a court-directed arbitration and that, on the merits, no coverage under the Hospital policy ever existed to extend to this accident. We agree with the Appellate Division that Commerce’s opportunity for appellate review of the coverage issue expired when it participated in the arbitration without even seeking interim relief from the court in which its appeal was pending. Moreover, it failed to assert any statutorily cognizable grounds for modifying or vacating the award that eventuated. We, therefore, affirm both orders.
 

 L
 

 In
 
 Matter of Beagle (MVAIC),
 
 this Court dismissed an appeal from an order denying a motion for a permanent stay of contractual arbitration because movant had
 
 "arbitrated the claim in question and thereby waived its right of
 
 appeal” (19 NY2d 834, 835,
 
 supra
 
 [emphasis added]). Correspondingly, in a labor arbitration setting, this Court referenced a similarly settled rubric that "even if it could be argued that there was no right to arbitrate the controversy here at issue, the Company, by proceeding to arbitration without moving for a stay, must be deemed to have waived its contention that the agreement did not provide for arbitration”
 
 (Matter of National
 
 
 *262
 

 Cash Register Co. [Wilson],
 
 8 NY2d 377, 382;
 
 see also, Rochester City School Dist. v Rochester Teachers Assn.,
 
 41 NY2d 578, 583). These precedents evince a practical, balanced and fair policy that once a party participates in an arbitration proceeding, without availing itself of all its reasonable judicial remedies, it should not be allowed thereafter to upset the remedy emanating from that alternative dispute resolution forum
 
 (see,
 
 CPLR 7503 [b]; 7511 [b]).
 

 Commerce argues that
 
 Beagle
 
 ought to be viewed with a more modern eye in light of recent developments and policies governing the rights of parties to seek judicial review of arbitral decisions. We are satisfied that the passage of time has not weakened the vitality of
 
 Beagle’s
 
 practical fairness and good sense, nor has it dimmed the clarity of its bright line rule.
 

 In particular, Commerce suggests that
 
 Matter of Matarasso (Continental Cas. Co.)
 
 (56 NY2d 264), leads to the conclusion that Commerce should not be deemed a "party” for any purpose under CPLR article 75 and it therefore should not be restricted to statutorily delimited rights of judicial review. Matarasso’s narrowly tailored holding cannot be so facilely stretched to excuse Commerce from the consequences of its own strategic miscalculation.
 

 In
 
 Matarasso,
 
 this Court held that when an application for a stay of arbitration is made under CPLR 7503 (b) on the grounds that no agreement to arbitrate exists, the 20-day time limitation in CPLR 7503 (c) does not preclude raising that defense
 
 (id.).
 
 The reasoning is that CPLR 7503 (c) "speaks in terms of 'parties’ * * *, the natural connotation being that the statute is directed toward parties to an agreement to arbitrate”
 
 (id.,
 
 at 267). Thus, when a litigant attempts to stay or resist arbitration on the grounds of no agreement to arbitrate, its claim and argument render it not a "party” for purposes of the statute’s time limitation
 
 (see, Matter of Steck [State Farm Ins. Co.],
 
 88 NY2d 827, 829-830). This Court agreed, in such circumstances, not to "impute to the Legislature an intent to bind persons to the arbitral process by their mere inaction * * * where no agreement to arbitrate has ever been made”
 
 (Matter of Matarasso [Continental Cas. Co.],
 
 56 NY2d 264, 267,
 
 supra).
 

 In contradistinction to the insurer in
 
 Matarasso,
 
 Commerce may hardly be deemed inactive in this case. It was simply not active in pursuing the full measure of its available judicial options. Commerce appeared and participated in the arbitration
 
 *263
 
 proceeding, to be sure and laudably in obedience to a trial court order directing arbitration. In this case, additionally, the arbitration proceeding was conducted in accordance with the arbitration provisions of the policy under which Commerce tried to assert lack of coverage. By contrast, the policy at issue in
 
 Matarasso
 
 did not contain an arbitration clause. Thus, Commerce’s attempt to use
 
 Matarasso
 
 suffers from significant distinguishments and the attempt to squeeze the instant case into its narrow holding is unavailing.
 

 Commerce’s reliance upon
 
 Matter of Finsilver, Still & Moss v Goldberg, Maas & Co.
 
 (253 NY 382) likewise fails. Under then-existing arbitration laws, the Court held that "where there is seasonable protest or disclaimer in response to a claim of jurisdiction, the protest or disclaimer is not nullified by proceeding thereafter to a hearing on the merits”
 
 (id.,
 
 at 391). Commerce neglects to appreciate or credit that former Civil Practice Act § 1458 (2), predecessor to CPLR 7503 (b), was enacted "to meet the situation described in the
 
 Finsilver
 
 decision” by requiring that a party assert the nonexistence of an agreement to arbitrate prior to any participation in the arbitration
 
 (Matter of Harris [East India Trading Co.],
 
 16 Misc 2d 87, 89). Thus, if a party "desires to contest on the merits as well as on such jurisdictional issue, [it] may do so now only by moving to stay the arbitration and having such issue
 
 disposed of first
 
 by the courts”
 
 (id.,
 
 at 90 [emphasis added]).
 

 Significantly, cogent support for
 
 Beagle's
 
 continuing relevancy can be found within CPLR article 75 itself. CPLR 7503 (b) provides that "a party who has not participated in the arbitration and who has not made or been served with an application to compel arbitration, may apply to stay arbitration on the ground that a valid agreement was not made or has not been complied with.” Additionally, CPLR 7511 allows a party who has not participated in the arbitration nor was served with a notice of intention to arbitrate to vacate an award on the ground that "a valid agreement to arbitrate was not made” (CPLR 7511 [b] [2] [ii]). Although not dispositive in the framework of Commerce’s argument, these statutory features evince a legislative policy that a party seeking to avoid arbitration on the ground of no agreement to arbitrate can raise such objection only when it has not participated in the arbitration
 
 (see, Rochester City School Dist. v Rochester Teachers Assn.,
 
 41 NY2d 578, 582,
 
 supra).
 

 Commerce proposes that the rationale of this case forces an artificial Hobson’s choice upon it of either appealing what it
 
 *264
 
 asserts was an erroneous denial of a stay of arbitration or defaulting in the arbitration proceeding. Rather, what Commerce did in this case was make a strategic and knowing decision to proceed with its case in the arbitral forum, while holding an inchoate trump card. Had it prevailed there, Commerce would undoubtedly have withdrawn its appeal and sought to confirm such an arbitral victory. Its calculated risk having backfired, it now seeks to play the trump card and cancel the outcome of the very arbitration in which it voluntarily and fully participated. To encourage such unilateral advantage and forum-hedging would undermine arbitration principles and policies.
 

 Thus, we hold that a party forgoes its opportunity for appellate review of a denial of an application to stay arbitration when it proceeds to the arbitration without seeking temporary judicial relief pending the determination of the appeal, even if it believes that its request for such an interim stay will result in summary denial (see,
 
 Matter of National Cash Register Co. [Wilson],
 
 8 NY2d 377, 382,
 
 supra).
 
 Such applications must not be deemed superfluous or skeptically eschewed. The effort provides some definiteness, and defines and preserves rights.
 

 Absent voluntary arrangements among parties, only the courts are empowered to grant such interim relief, pending appeal, from an order directing arbitration. We are unconvinced by Commerce’s contention that its objection before the AAA or an objection before the arbitrator (the latter was not done in this case) ought to suffice to secure its passage through the arbitration process, without dissipating its pending appellate recourse. The alternative dispute resolution entities do not possess the requisite power to stay the enforcement of a court order. Therefore, the application for a temporary stay pending appeal must be deemed a necessary and appropriate step and must be directed to a judicial tribunal competent to grant such relief, whether it has a stated or unstated policy or track record against granting such interim relief, as Commerce suggests.
 

 II
 

 Commerce alternatively argues that
 
 Matter of Beagle
 
 and the result reached by the lower courts and now us in the instant matters conflict with
 
 Zappone v Home Ins. Co. (55
 
 NY2d 131, 135, supra;
 
 see also, New York Univ. v Continental Ins. Co.,
 
 87 NY2d 308, 321). The contention is that Nester received windfall benefits where no insurance coverage, by any stretch of the legal imagination, exists by contract or statute, and, therefore, none should be imputed by estoppel analysis.
 

 
 *265
 
 The exceptional
 
 Zappone
 
 principle is not at all applicable under the facts or actions of the insurer here. Commerce has had two opportunities to present its case on the merits: first, on the stay application before Supreme Court, and second, before the arbitration panel. Had Commerce also moved for a temporary stay of the arbitration pending its appeal in the Appellate Division, it would have preserved and perhaps even accelerated its further opportunity to argue a merits position in the appellate courts. Instead, it strategically and knowingly chose not to do so.
 

 Commerce’s responsibility to pay proceeds under the Hospital’s underinsurance coverage is thus based not on estoppel concepts, but on judicial and arbitration decisions rendered after the insurer had an opportunity for a full and fair hearing. That Commerce deems these rulings flawed does not amount to estoppel coverage or implicate the
 
 Zappone
 
 holding. Ultimately, it risked or at least acquiesced in the litigation and forum leveragings that brought it to this judgment payment stage.
 

 Finally, Commerce argues that the arbitrator’s award should be reduced by other insurance payments which Nester received as compensation for the injuries she suffered in the accident (see,
 
 Matter of Allstate Ins. Co. [Stolarz
 
 — N.
 
 J. Mfrs. Ins. Co.],
 
 81 NY2d 219, 222-225). Whatever the merits of this contention, it is no basis for vacating or modifying an arbitral award (CPLR 7511 [b], [c];
 
 see, Matter of National Cash Register Co. [Wilson],
 
 8 NY2d 377, 383,
 
 supra).
 

 We need not consider other arguments with respect to coverage and procedural aspects of this case because our affirmance of the dismissal of the stay order and of the confirmation of the arbitration award fully resolves the case by applying pertinent, settled principles.
 

 Accordingly, the respective orders of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Titone, Smith, Levine, Ciparick and Wesley concur.
 

 In each case: Order affirmed, with costs.