**PRUDENTIAL SECURITIES INC. and Roger A. Jones, Plaintiffs,**

v.

**EVERETT E. GREENLEE TRUST by Marc R. GREENLEE, Defendants.**

**No. 97–73196.**

United States District Court, E.D. Michigan, Southern Division.

March 13, 1998.

1. Jones used to work for Prudential and serviced the investment account at issue.

Gary M. Saretsky, Karen A. Gould, Bloomfield Hills, MI, for Plaintiffs.

Anthony V. Trogan, Jr., Bingham Farms, MI, for Defendants.

**MEMORANDUM AND ORDER**

COHN, District Judge.

**I.**

This is a case disputing the validity of arbitration proceedings, 9 U.S.C. § 2. Plaintiffs Prudential Securities Inc. and Roger A. Jones [1] (collectively referred to as "Prudential") filed a complaint for declaratory judgment to enjoin arbitration proceedings [2] filed on behalf of defendant Everett E. Greenlee Trust by Marc R. Greenlee (collectively referred to as "Greenlee"). In 1996, Greenlee filed an arbitration complaint, asserting that Prudential concealed wrongdoing and made misrepresentations in connection with the 1935 Sale of a private placement offering to Greenlee. More than a year later, Prudential asserted in this Court that Greenlee's claims are time-barred pursuant to the six-year limitation contained in the rules of the National Association of Securities Dealers. Greenlee responds that Prudential waived the defense by participating in the arbitration proceedings.

Prudential has moved for summary judgment. For the following reasons, Prudential's motion will be granted.

2. On September 25, 1997, the Court entered a stipulated order staying arbitration proceedings pending resolution of the petition for declaratory judgment.

## II.

### A.

Greenlee opened an investment account with Prudential in December 1984. On February 8, 1985, Greenlee invested $100,000 in 1984 Polaris Aircraft Trust IX ("Polaris Trust"), which was a limited partnership created for the sole purpose of a sale-and-lease-back of two commercial jet aircraft to Transworld Airlines. The leases ran for twelve years; the investors were to receive a cash distribution at the end of the leases and significant tax benefits in the interim.

The Tax Reform Act of 1986 negatively affected the anticipated tax benefits, however. In addition, the airline industry experienced well-publicized problems in the late 1980s, resulting in numerous bankruptcies and depressing the prices for used aircraft. These factors substantially undermined Greenlee's investment in the Polaris Trust.

### B.

Greenlee died in 1987. His investment was sold in 1988 for $47,700. On February 22, 1996, Greenlee's son filed a complaint with the arbitration board of the National Association of Securities Dealers (NASD),[3] alleging that defendants "actively concealed their original misconduct and continuously misrepresented the status of the Greenlee account and the value of the Polaris product in the account to the extent that [Greenlee] did not, and could not have, in the exercise of diligent inquiry, discovered [their] misconduct until a recent date in 1995."

Prudential was not served with the complaint until three months later, on May 29, 1996, when the complaint was deemed complete by the NASD. A month after service, Prudential requested extra time to answer the complaint. A month after that, on July 18, 1996, Prudential answered the complaint and moved to dismiss on jurisdictional grounds, arguing that Greenlee's claim was barred by the NASD six-year statute of limitations.

Despite Prudential's objections, NASD set a date for hearing. Three months later, on October 7, 1996, Prudential submitted discovery requests to Greenlee, and on October 18, 1996, Greenlee in turn submitted requests to Prudential. A month later, Prudential complied with discovery requests, including the production of documents, and demanded that Greenlee answer Prudential's discovery requests.[4] Six months later—and almost a year after receiving the complaint—Prudential proposed new trial dates in the action.

At about the same time Prudential proposed new trial dates in arbitration, the United States Court of Appeals for the Sixth Circuit decided *Osler v. Ware*, 114 F.3d 91 (6th Cir.1997), on May 23, 1997. On July 1, 1997, Prudential filed its complaint in this Court for a declaratory judgment to enjoin arbitration proceedings. Prudential notified NASD of its federal court action. Prudential's filing in this Court occurred almost a year after Prudential first raised objections to the arbitration based on a statute of limitations defense.

NASD said it lacked authority to stay arbitration proceedings. Prudential then requested a pretrial conference on Greenlee's failure to comply with discovery. Greenlee eventually complied with the discovery requests, but in the meantime, the Court issued the order staying arbitration. NASD has not conducted a hearing on the merits of Greenlee's claims or rendered a decision with respect to Prudential's defenses.

---

**3.** Prudential suggests that events leading up to the filing of Greenlee's complaint before the NASD are significant. Apparently, Prudential's limited partnership sales practices had run afoul of regulators, and Prudential was thus forced to set up a Securities and Exchange Commission-approved settlement fund. In negotiating settlements, Prudential had to adhere to certain rules, among them that it could not assert the statute of limitations as a defense.

Prudential sent Greenlee settlement fund information on January 14, 1994. Greenlee did not respond until a year later, and indicated that he did not wish to proceed with settlement fund arbitration. In 1994 and 1995, Greenlee submitted his settlement fund claim form; initiated a claim before the American Arbitration Association (AAA); and withdrew his claim before the AAA when he could not locate authorization for litigating before the AAA.

**4.** Prudential says that it complied with discovery requests because arbitration court dates were rapidly approaching.

III.

A.

■ NASD Rule 10304 provides:

No dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This section shall not extend applicable statutes of limitation, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

The rule "is a substantive temporal limitation on the parties' agreement to contract and as such is not subject to equitable tolling." *Ohio Company v. Nemecek,* 98 F.3d 234, 237 (6th Cir.1996); *see also Osler v. Ware,* 114 F.3d 91, 92–93 (6th Cir.1997). The limitation is jurisdictional. *See Ohio Company,* 98 F.3d at 238.

Greenlee filed his arbitration claim more than eleven years after purchasing the Polaris Trust investment. Claims based upon the purchase are therefore stale. Greenlee has also alleged continuing misrepresentations, concluding with the sale of the Polaris Trust investment in 1988. If his cause of action is considered to have accrued in 1988, the claim is nevertheless stale, because the arbitration claim was not filed until eight years later.

B.

■ Greenlee does not dispute that his claims are time-barred. Greenlee instead argues that Prudential waived this defense by participating in arbitration proceedings for sixteen months. Greenlee analogizes Prudential's purported waiver of the right to invoke the six-year limitation period to a party's waiver of the right to compel arbitration by submitting arbitrable issues to a court for decision. *See WorldSource Coil Coating, Inc. v. McGraw Construction Co.,* 946 F.2d 473, 477 (6th Cir.1991) ("A party's conduct amounts to a waiver when the party submits arbitrable issues to a court for decision.").

At a hearing on December 10, 1997, the Court instructed Greenlee to provide authority for this argument as well as a docket of the proceedings in arbitration. Although Greenlee found no case directly on point, he cites an insurance dispute case in which the

New York Court of Appeals iterated the principle that "once a party participates in an arbitration proceeding, without availing itself of all its reasonable judicial remedies, it should not be allowed thereafter to upset the remedy emanating from that alternative dispute resolution forum." *Commerce and Industry Ins. Co. v. Nester,* 90 N.Y.2d 255, 660 N.Y.S.2d 366, 368–69, 682 N.E.2d 967, 969–70 (1997). Greenlee also insists that "Prudential went too far too long." According to Greenlee, Prudential participated in arbitration proceedings by requesting and producing discovery material and by scheduling hearing dates.

Yet, as Greenlee admits, controlling precedent from the United States Court of Appeals for the Sixth Circuit came down during the pendency of the arbitration proceedings. Prudential's defending itself before the arbitration board was not a waiver of the statute of limitations defense.

More importantly, Prudential raised the statute of limitations defense at its first available opportunity and never abandoned it. Michigan law holds that a party does not waive a defense to arbitration if the party raises the defense in a timely manner before a hearing on the merits of the arbitration claim. The Michigan Court of Appeals has stated:

"[A] party's participation in arbitration proceedings will not result in waiver of his right to raise the issue of arbitrability of the dispute if he has made a timely objection to arbitrability before a hearing on the merits."

*SCA Services, Inc. v. General Mill Supply Co.,* 129 Mich.App. 224, 228, 341 N.W.2d 480 (1983) (citation omitted). Prudential raised the statute of limitations defense in its answer to Greenlee's complaint in arbitration. Arbitration proceedings never went past the discovery phase, and although Prudential persistently requested pre-hearing conferences, such conferences were never scheduled. Consistent with the decision in *Nester,* 660 N.Y.S.2d at 368–69, 682 N.E.2d at 969–70, Prudential is not seeking to upset the arbitration proceedings because there has been no decision in these proceedings.

Greenlee's claims are time-barred; Prudential's motion for summary judgment is GRANTED, and this case is DISMISSED.

SO ORDERED.