■ DAVID LOFTHOUSE, Respondent, v PARAGON CAPITAL CORPORATION, Appellant, et al., Defendant. [676 NYS2d 162] —Judgment, Supreme Court, New York County (Diane Lebedeff, J.), entered May 12, 1997, which granted plaintiff's motion to confirm an arbitration award pursuant to CPLR 7510 and denied defendant Paragon Capital Corporation's cross-motion to vacate the award, unanimously affirmed, without costs.

When plaintiff first brought this action in Supreme Court based on allegations that he had been assaulted by a former co-worker, defendant Paragon, plaintiff's former employer, moved to dismiss the complaint against it on the ground that it was barred by the Workers' Compensation Law. Co-defendant Falcone cross-moved to stay the action and proceed to arbitration under arbitration agreements contained in the Registered Representative Compliance Agreement and the Uniform Application for Securities Industry Registration Form, which plaintiff signed when he commenced employment. Defendant Paragon opposed the cross-motion insofar as to argue that the claim against it should be dismissed prior to the submission to arbitration, but, when the court granted the stay outright and compelled arbitration of all claims, Paragon did not appeal that decision. Instead, Paragon proceeded to arbitration, where it again made its argument that plaintiff's claim was barred by the Workers' Compensation Law. That argument was apparently rejected by the arbitrators, who entered an award against the defendants in plaintiff's favor.

Having proceeded to arbitration without availing itself of the reasonable judicial recourse of an appeal from the decision compelling it to arbitrate, Paragon has waived its right to pursue its argument that the claim against it was barred (*see, Matter of White Rose Tea v Meyer*, 58 AD2d 544; *see also, Matter of Commerce & Indus. Ins. Co. v Nester*, 90 NY2d 255). The motion to confirm the award was therefore properly granted. Concur—Sullivan, J. P., Ellerin, Williams, Mazzarelli and Andrias, JJ.

■ PEOPLE v LANE BLACKWELL. [677 NYS2d 759] —Appeal dismissed because of appellant's death, and matter remanded to the Supreme Court, Bronx County, for vacatur of the judgment of conviction and dismissal of the indictment, as indicated. Concur—Sullivan, J. P., Nardelli, Williams, Tom and Mazzarelli, JJ.