■ In the Matter of the Arbitration between PREMCHAND RAMPERSAUD, Respondent, and AMERICAN TRANSIT INSURANCE COMPANY, Appellant. [697 NYS2d 618] —Order and judgment (one paper), Supreme Court, New York County (Bonnie Wittner, J.), entered May 4, 1999, which, *inter alia*, granted petitioner's application to confirm an uninsured motorist arbitration award and denied respondent's cross petition to vacate or modify such award, unanimously affirmed, without costs.

Whatever the merits of respondent insurer's claim to a set-off, it is no basis for vacating or modifying an arbitral award (CPLR 7511 [b], [c]; *Matter of Commerce & Indus. Ins. Co. v Nester*, 90 NY2d 255, 265). Respondent's reliance on *Matter of Brijmohan v State Farm Ins. Co.* (92 NY2d 821) is misplaced. *Brijmohan* held that an arbitrator exceeded his powers (CPLR 7511 [b] [1] [iii]) by awarding an amount in excess of the policy limits, which sort of claim of arbitral error was not waived since it was raised in opposition to the application for confirmation. Here, however, the arbitrator made an award within the policy limits. Respondent's claim, that it was entitled to a set-off in its favor, is waived unless it is made the subject of a request for judicial intervention prior to arbitration of the underlying claim for insurance proceeds (*Matter of Commerce & Indus. Ins. Co. v Nester, supra*). Respondent never moved to stay arbitration upon the ground of its entitlement to a setoff nullifying any potential award in arbitration. Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Saxe, JJ.