In the Matter of the Arbitration between MBNA AMERICA BANK, N.A., Appellant, and DESPINA CUCINOTTA, Respondent. [823 NYS2d 237]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Kramer, J.), entered May 9, 2005 in Schenectady County, which, in a proceeding pursuant to CPLR 7510 to confirm an arbitration award, dismissed the petition.

Petitioner sought an order to confirm an arbitration award and the entry of judgment thereon in this consumer credit card collection action. Respondent opposed, arguing that the arbitration hearing was held in an improper venue. Supreme Court agreed and dismissed the petition resulting in this appeal.

We reverse. In accordance with the terms of their credit card agreement, either party could demand that any dispute arising under the agreement be submitted to arbitration by the

National Arbitration Forum (hereinafter NAF). The agreement further provided that "[a]ny arbitration hearing at which you appear will take place within the federal judicial district that includes your billing address at the time the Claim is filed." It is not disputed that respondent resides in Schenectady County in the Northern District of New York and that the arbitration occurred in New York County in the Southern District of New York. Nevertheless, the NAF Code of Procedure provides for different kinds of hearings, one being in person and the other being a document hearing at which an arbitrator reviews all submissions but at which the parties do not appear. It is the latter that was held in the instant matter.

Insofar as document hearings are concerned, the NAF Code of Procedure has no venue provisions. As a result, there is no merit to respondent's improper venue argument. Respondent's remaining appellate arguments are unpreserved as they were not raised either before the arbitrator or in Supreme Court.

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, petition granted and arbitration award confirmed.