■ JONATHAN STONE et al., Appellants, v NOBLE CONSTRUCTION MANAGEMENT, INC., Respondent. [983 NYS2d 417]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Loehr, J.), dated May 3, 2013, which denied their motion pursuant to CPLR 7503 (b) to vacate the defendant's demand for arbitration, to stay an arbitration pending between the parties before the American Arbitration Association, and to direct the defendant to reimburse them for costs incurred in connection with that pending arbitration.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiffs retained the defendant to provide certain construction services at their premises. Subsequently, after disputes arose between the parties, the defendant filed a demand for arbitration with the American Arbitration Association (hereinafter the AAA). The plaintiffs appeared and asserted that there was no agreement between the parties to arbitrate. While continuing to challenge the arbitration, the plaintiffs agreed to the appointment of an arbitrator, who received submissions from the parties on the issue of whether they had agreed to arbitrate. The arbitrator determined that the parties had a valid and enforceable agreement to arbitrate and directed them to proceed with discovery and hearings in accordance with a scheduling order. Thereafter, the plaintiffs requested additional time to submit counterclaims, sought to reschedule certain hearing dates, and subsequently asserted counterclaims against the defendant in the arbitration.

However, on the eve of the first arbitration hearing, the

plaintiffs commenced this action and moved, pursuant to CPLR 7503 (b), to vacate the defendant's arbitration demand, to stay the arbitration pending between the parties before the AAA, and to direct the defendant to reimburse them for costs incurred in connection with that pending arbitration. The Supreme Court denied the motion.

Pursuant to CPLR article 75, "a party who has not participated in the arbitration and who has not made or been served with an application to compel arbitration, may apply to stay arbitration on the ground that a valid agreement was not made" (CPLR 7503 [b]). Consequently, "a party seeking to avoid arbitration on the ground of no agreement to arbitrate can raise such objection only when it has not participated in the arbitration" (*Matter of Commerce & Indus. Ins. Co. v Nester*, 90 NY2d 255, 263 [1997]; *see Matter of Harris [East India Trading Co].*, 16 Misc 2d 87, 89 [Sup Ct, NY County 1955]; *accord* CPLR 7511 [b] [2] [ii]).

Here, the record demonstrates that the plaintiffs "participated in the arbitration" (CPLR 7503 [b]; *see Binghamton Civ. Serv. Forum v City of Binghamton*, 44 NY2d 23, 29 n [1978]; *Avon Prods. v Solow*, 150 AD2d 236, 239 [1989]; *Matter of Home Mut. Ins. Co. v Springer*, 130 AD2d 493, 493 [1987]; *Matter of Standard Steel Section v Royal Guard Fence Co.*, 62 AD2d 1040, 1040 [1978]; *Matter of Boston Old Colony Ins. Co. [Martin]*, 34 AD2d 776, 776 [1970]; *see also Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 382 [1960]; *Matter of North Riv. Ins. Co. [Morgan]*, 291 AD2d 230, 233 [2002]; *see generally* 13-7503 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 7503.18). The plaintiffs could not actively engage in the arbitration proceedings and simultaneously retain their right to seek subsequent judicial intervention pursuant to CPLR 7503 (b), as such "forum-hedging" is incompatible with the legislative policy underlying CPLR 7503 (b) (*Matter of Commerce & Indus. Ins. Co. v Nester*, 90 NY2d at 264; *see Matter of Government Empls. Ins. Co. [Johnston]*, 72 AD2d 892, 893 [1979]; *cf. Max Bayroff Corp. v Showplace Bowling Ctr.*, 187 AD2d 269, 269 [1992]). Accordingly, the Supreme Court properly denied their motion, inter alia, to stay the arbitration pending between the parties before the AAA.

In light of our determination, the plaintiffs' remaining contentions have been rendered academic. Rivera, J.P., Lott, Miller and Hinds-Radix, JJ., concur.