■ In the Matter of the Arbitration between GERBER HOMES & ADDITIONS, LLC, Respondent, and MARK LANG, Appellant. [61 NYS3d 763]—

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered May 4, 2016. The order granted the motion of petitioner to confirm the award of an arbitrator and directed that petitioner have judgment in the amount of $99,926.71, plus interest, costs and disbursements.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent in this proceeding pursuant to CPLR article 75 appeals pro se from an order granting petitioner's motion to confirm an arbitration award in its favor. Respondent opposed the application and sought vacatur of the award or, alternatively, a reduction of the monetary amount awarded. We conclude that Supreme Court properly granted the motion.

We reject respondent's contention that he did not agree to binding arbitration. The plain language of the agreement between the parties states that "[a]ny dispute or controversy . . . shall be settled by binding arbitration." Respondent's contention that he did not read or notice that clause is unavailing inasmuch as "the law presumes that one who is capable of reading has read the document which he has executed . . . [,] and he is conclusively bound by the terms contained therein" (*Marine Midland Bank v Embassy E.*, 160 AD2d 420, 422 [1990]; *see Pimpinello v Swift & Co.*, 253 NY 159, 162-163 [1930]; *Baltzly v Sandoro*, 186 AD2d 1077, 1077 [1992]). Moreover, "a party [who] participates in the arbitration may not later seek to vacate the award by claiming [he] never agreed to arbitrate the dispute in the first place" (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]).

Respondent further contends that the arbitration was improperly conducted in Monroe County, because the agreement called for arbitration in the Town of Ontario, which is located in Wayne County. Respondent waived that contention inasmuch as he failed to raise it until after he participated in the arbitration (*see Matter of D.M.C. Constr. Corp. v Nash Steel Corp.*, 41 NY2d 855, 856 [1977], *revg on dissenting op of Shapiro, J.* 51 AD2d 1040 [1976]). Respondent also contends that the arbitrator was selected solely by petitioner and thus was not impartial. Respondent failed to "raise the issue of the arbitrator's alleged partiality during the [arbitration] hearing and, thus, waived any challenge thereto" (*Matter of Eastman Assoc., Inc. [Juan Ortoo Holdings, Ltd.]*, 90 AD3d 1284, 1286

[2011]; *see Matter of Atlantic Purch., Inc. v Airport Props. II, LLC*, 77 AD3d 824, 825 [2010]). In any event, the record conclusively establishes that, at an earlier stage of the matter, the court rejected the arbitrator proposed by petitioner and independently selected another arbitrator.

Respondent failed to preserve for our review his further contention that the arbitration was improperly commenced against him personally rather than his LLC inasmuch as he did not raise that issue either before the arbitrator or the court (*see Matter of MBNA Am. Bank, N.A. [Cucinotta]*, 33 AD3d 1064, 1065 [2006]). We have considered respondent's remaining contentions and, in light of the well-settled principle that "judicial review of an arbitration proceeding . . . is extremely limited . . . , as is judicial review of the resulting award" (*Marracino v Alexander*, 73 AD3d 22, 26 [2010]; *see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006], *cert dismissed* 548 US 940 [2006]), we conclude that they do not require reversal or modification of the order. Present—Smith, J.P., DeJoseph, Curran, Troutman and Winslow, JJ.