Matter of Schrier, Shayne, Koenig, Samber & Ryne, P.C. v Passante (2024 NY Slip Op 04143)

Matter of Schrier, Shayne, Koenig, Samber & Ryne, P.C. v Passante

2024 NY Slip Op 04143

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-01038
 (Index No. 610424/21)

[*1]In the Matter of Schrier, Shayne, Koenig, Samber & Ryne, P.C., et al., respondents, 
v
Linda Passante, appellant.

Andrew Lavoot Bluestoon, New York, NY, for appellant.
Schrier Shayne Koenig Samberg & Ryne, P.C., East Meadow, NY (Richard E. Schrier pro se of counsel), respondent pro se and for respondent Richard Schrier.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated August 20, 2020, Linda Passante appeals from a judgment of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered February 8, 2022. The judgment, upon an order of the same court dated December 21, 2021, granting the petition to confirm the arbitration award and, in effect, denying Linda Passante's motion, in effect, to vacate the arbitration award and permanently stay arbitration, is in favor of the petitioners and against Linda Passante in the total sum of $104,921.82.
ORDERED that the judgment is affirmed, with costs.
In 2018, Linda Passante retained Richard Schrier and the law firm Schrier, Shayne, Koenig, Samberg & Ryan P.C. (hereinafter together the petitioners) to represent her in unrelated legal proceedings pursuant to a retainer agreement. In 2020, as a result of Passante's failure to pay outstanding legal fees due under the retainer agreement, the petitioners filed a demand for arbitration. On August 20, 2020, an arbitration award was issued, awarding the petitioners the principal sum of $88,691.90 for payment for legal services, plus interest in the sum of $3,991.14.
The petitioners commenced this proceeding pursuant to CPLR article 75 to confirm the arbitration award. Passante moved, in effect, to vacate the award and permanently stay the arbitration. In an order dated December 21, 2021, the Supreme Court granted the petition, in effect, denied Passante's motion, and entered judgment in favor of the petitioners and against Passante in the total sum of $104,921.82. Passante appeals.
"'[A] party who has not participated in the arbitration and who has not made or been served with an application to compel arbitration, may apply to stay arbitration on the ground that a valid agreement was not made or has not been complied with'" (Matter of County of Nassau v Detectives Assn., Inc. of the Police Dept. of Nassau County, 188 AD3d 1049, 1049, quoting CPLR 7503[b]). "Consequently, 'a party seeking to avoid arbitration on the ground of no agreement to arbitrate can raise such objection only when it has not participated in the arbitration'" (Stone v Noble Const. Mgt., Inc., 116 AD3d 838, 839, quoting Matter of Commerce & Indus. Ins. Co. v Nester, 90 NY2d 255, 263).
Contrary to Passante's contentions, the Supreme Court properly determined that the award should not be vacated and that the arbitration should not be permanently stayed on the ground that Passante "neither participated in the arbitration nor was served with a notice of intention to arbitrate" (CPLR 7511[b][2]). The record demonstrates that Passante participated in the arbitration, as her counsel filed a notice of appearance and took part in the scheduling of the arbitration hearing (see Stone v Noble Constr. Mgt., Inc., 116 AD3d at 838-839; Matter of Home Mut. Ins. Co. v Springer, 130 AD2d 493, 493).
Furthermore, Passante failed to demonstrate, by clear and convincing evidence, any other basis for vacating the arbitration award and permanently staying the arbitration (see CPLR 7511[b]).
Accordingly, the Supreme Court properly granted the petition to confirm the arbitration award and, in effect, denied Passante's motion, in effect, to vacate the arbitration award and permanently stay arbitration.
CONNOLLY, J.P., CHAMBERS, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court