Matter of Moby Richard Holdings, LLC v Ramo (2025 NY Slip Op 01428)

Matter of Moby Richard Holdings, LLC v Ramo

2025 NY Slip Op 01428

Decided on March 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 13, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Index No. 654973/24|Appeal No. 3892|Case No. 2024-06332|

[*1]In the Matter of Moby Richard Holdings, LLC, et al., Petitioners-Appellants,
v
Alex Ramo, Respondent-Respondent.

K&L Gates LLP, New York (Benjamin I. Rubenstein of counsel), for Moby Richard Holdings, LLC, NYSS, LLC, and MDSS, LLC, appellants.
Saul Ewing LLP, New York (Peri A. Berger of counsel), for Reid Garton, David Michael, and M Solar, LLC, appellants.
Milman Labuda Law Group PLLC, Lake Success (Michael Mauro of counsel), for respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about October 1, 2024, which denied the motion for a temporary restraining order and a preliminary injunction staying arbitration, and dismissed the petition, unanimously affirmed, with costs.
The parties to this action have been engaged in an arbitration proceeding before the American Arbitration Association for several years. During this time, respondent Alex Ramo has asserted new claims relating to his ouster from petitioner Moby Richard Holdings, LLC, and the arbitrator has issued an interim award on those claims.
Supreme Court properly denied petitioners' motion to vacate portions of the interim award as well as to stay enforcement of or action upon the new claims, and properly dismissed the petition. Petitioner Reid Garton can be compelled to arbitrate the new claims because he has knowingly exploited the benefits of the arbitration clause in the Moby Operating Agreement by voluntarily participating in the arbitration individually and on behalf of M Solar, LLC, of which he is the sole member (see Matter of Commerce & Indus. Ins. Co. v Nester, 90 NY2d 255, 263-264 [1997]; Gilat v Sutton, 220 AD3d 569, 569-570 [1st Dept 2023]).
Nor did the arbitrator exceed his authority or jurisdiction when he found that the new claims asserted by Ramo are covered by the broad arbitration clause. Article 14.1 of the Operating Agreement provides that "any dispute, disagreement, or question arising out of or relating to this Agreement, or the validity, interpretation, breach or termination thereof" may be resolved by arbitration. Additionally, the arbitration clause at article 14.3 provides that disputes shall be resolved by binding arbitration in accordance with the commercial arbitration rules of the American Arbitration Association. Under those rules, an arbitrator is authorized to rule on their own jurisdiction (see Life Receivables Trust v Goshawk Syndicate 102 at Lloyd's, 66 AD3d 495, 495-496 [1st Dept 2009], affd 14 NY3d 850, 851 [2010], cert denied 562 US 962 [2010]).
Ramo's alleged failure to satisfy the preconditions listed in the Operating Agreement — namely, negotiation and mediation of disputes — do not act as a bar to the arbitration of the new claims. The arbitrator directed the parties to engage in good faith negotiations, and if unsuccessful, to undertake mediation unless any member refuses to mediate. Indeed, article 14.2 of the Operating Agreement states that a member may demand arbitration if any member refuses to mediate.
Lastly, Supreme Court did not deny petitioners the right to seek judicial relief, but rather, properly declined to intervene in the dispute before the issuance of a final award by the arbitrator (see Matter of Adelstein v Thomas J. Manzo, Inc., 61 AD2d 933, 933 [1st Dept 1978]).
We have considered petitioners' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT[*2], APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 13, 2025