Tomaselli v Malagese (2025 NY Slip Op 05399)

Tomaselli v Malagese

2025 NY Slip Op 05399

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND HANNAH, JJ.

699 CA 24-00755

[*1]CHUCK TOMASELLI, DOING BUSINESS AS C. LEWIS TOMASELLI ARCHITECTS, PLAINTIFF-RESPONDENT,
v
JAMES MALAGESE AND MJN ONE, LLC, DEFENDANTS-APPELLANTS. 

DAVID A. LONGERETTA, UTICA, FOR DEFENDANTS-APPELLANTS.
DETRAGLIA LAW FIRM, UTICA (GUSTAVE J. DETRAGLIA, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered April 25, 2024. The judgment granted plaintiff money damages upon confirmation of an arbitration award. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for breach of contract based upon defendants' alleged failure to pay for architectural services rendered by plaintiff. Although plaintiff subsequently moved to compel arbitration pursuant to the purported contract following nearly two years of litigation, it is undisputed that plaintiff withdrew that motion after defendants voluntarily agreed to resolve the dispute by arbitration. Following an arbitration proceeding before an arbitrator selected by the parties, the arbitrator rendered an arbitration award in favor of plaintiff. Defendants now appeal from an order of Supreme Court that, inter alia, granted plaintiff's motion to confirm the arbitration award and denied defendants' cross-motion to vacate the arbitration award. We affirm.
As a preliminary matter, we note that the order was subsumed in a final judgment entered shortly after entry of the order, and thus the proper appealable paper is the judgment rather than the order (see CPLR 5501 [a] [1]; 5512 [a]; LPCiminelli, Inc. v JPW Structural Contr., Inc., 217 AD3d 1380, 1380 [4th Dept 2023]; see generally Matter of Aho, 39 NY2d 241, 248 [1976]). Although defendants, by their notice of appeal served and filed after entry of the judgment, have taken an appeal from the order, we conclude that the appeal must be deemed taken from the judgment inasmuch as the appeal is timely, no prejudice has resulted, and the judgment has been furnished to us (see CPLR 5512 [a]; Tumminia v Staten Is. Univ. Hosp., — AD3d —, —, 2025 NY Slip Op 03352, *2-3 [2d Dept 2025]; see generally Mark Davies, Marianne Stecich & Risa I. Gold, New York Civil Appellate Practice § 6:3 [3d ed 8 West's NY Prac Series July 2025 update]). The appeal from the judgment brings up for review the propriety of the order (see CPLR 5501 [a] [1]; Wilson v Schindler Haughton El. Corp., 118 AD2d 777, 777 [2d Dept 1986]).
Defendants contend for the first time on appeal that they are entitled to vacatur of the arbitration award on the ground that the arbitrator lacked authority to conduct the arbitration because plaintiff had previously waived the right to arbitrate by commencing the action. Initially, defendants failed to preserve that contention for our review inasmuch as they did not raise it in opposition to the motion to confirm or in support of the cross-motion to vacate (see Matter of Gerber Homes & Additions, LLC [Lang], 153 AD3d 1596, 1598 [4th Dept 2017]; Matter of [*2]Sidney Philip Gilbert Assoc. [Taisei Constr. Corp.], 213 AD2d 281, 281 [1st Dept 1995], lv denied 86 NY2d 704 [1995]). In any event, defendants waived their challenge to the arbitration award. Plaintiff's commencement of the action and participation in the litigation for nearly two years "in effect g[a]ve[ defendants] a choice of forums" by which they could either "insist on arbitration or ignore arbitration and litigate" (David D. Siegel & Patrick M. Connors, New York Practice § 595 at 1161 [6th ed 2018]; see generally Stark v Molod Spitz DeSantis & Stark, P.C., 9 NY3d 59, 66 [2007]; Laur & Mack Contr. Co. v DiCienzo, 234 AD2d 999, 999 [4th Dept 1996]). Defendants, however, "cannot have things both ways" by agreeing to and fully participating in arbitration instead of litigation while thereafter resisting the arbitration award "on the ground that [plaintiff's] very commencement of [the] court action waived [arbitration]" (Siegel & Connors § 595 at 1161-1162; see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 79 [2003]; Matter of Commerce & Indus. Ins. Co. v Nester, 90 NY2d 255, 261-264 [1997]; see generally Binghamton Civ. Serv. Forum v City of Binghamton, 44 NY2d 23, 28-29 [1978]). Indeed, where, as here, "a party participates in an arbitration proceeding, without availing [themselves] of all [their] reasonable judicial remedies, [they are] . . . not . . . allowed thereafter to upset the remedy emanating from that alternative dispute resolution forum" (Commerce & Indus. Ins. Co., 90 NY2d at 262). Defendants made "a strategic and knowing decision to proceed with [the] case in the arbitral forum" and cannot now seek to "cancel the outcome of the very arbitration in which [they] voluntarily and fully participated" because allowing "such unilateral advantage and forum-hedging would undermine arbitration principles and policies" (id. at 264; see generally Siegel & Connors § 595 at 1161-1162).
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court