Joseph F. Gagliardi, J.
The Motor Vehicle Accident Indemnification Corporation moves to stay arbitration on the basis of a notice of claim, a purported photocopy of a police report and on an unattached copy of respondent’s statement. The illegibility of the police report and the failure to attach the statement would warrant denial of the relief requested.
Nevertheless, the court will assume that the papers establish certain facts urged by MVAIC. They are that the vehicle was unregistered, uninsured and driven backwards into claimant while he was working in his automobile body shop on private property.
MVAIC contends that it has no responsibility for accidents caused by the operation of unregistered, uninsured vehicles on private property. They point out that the only possible category of responsibility under subdivision 2 of section 600 of the Insurance Law (Declaration of purpose) is “ unregistered motor vehicles. ” MVAIC insists that this automobile was not a motor vehicle as defined by section 125 of the Vehicle and Traffic Law, which reads in pertinent part as follows: “ Every vehicle, except electrically-driven invalid chairs being operated or driven by an invalid, operated or driven upon a public highway by any power other than muscular power which includes electric power obtained from overhead trolley wires, except vehicles which run only upon rails or tracks ” (emphasis supplied).
*956 The argument is that this uninsured, unregistered automobile was not “ operated or driven upon a public highway ” and hence, not a motor vehicle, when it purportedly struck the claimant on private property. MVAIC’s construction would have a motor vehicle change its character everytime it turns into a driveway.
Furthermore, the MVAIC indorsement submitted by it as an exhibit contains no exclusion of accidents occurring on private property. Nor does it state any reliance upon the term “ motor vehicle.” Bather, it bases its responsibility on the term “ uninsured automobile. ’ ’ That is defined in the indorsement as: “ (1) an automobile with respect to the ownership, maintenance or use of which there is, in the amounts specified in the New York Motor Vehicle Financial Security Act, neither (i) cash or securities on deposit with the New York Commissioner of Motor Vehicles nor (ii) a bodily injury liability bond or insurance policy, applicable to the accident with respect to any person or organization legally responsible for the use of such automobile. ” MVAIC does not offer to prove that cash deposits or insurance coverage existed in the amount stated in paragraph (a) of subdivision 4 of section 311 of the Vehicle and Traffic Law.
It is clear from a reading of the indorsement, as well as the statement of purposes, that MV AIC is to afford the same protection as a standard insurance policy (McGee v. Horvat, 23 A D 2d 271, 275; McCarthy v. MV AIC, 16 A D 2d 35, 38, affd. 12 N Y 2d 922). A standard insurance policy (see Insurance Law, § 167, subd. 6) permits no exclusions for liability arising out of accidents occurring on private property, or limitations to accidents occurring on public highways.
MV AIC also claims (1) that the vehicle was not operated by an uninsured operator; and (2) that the bar of workmen’s compensation coverage applies. However, its papers do not sustain its burden of tendering a factual issue requiring a trial by failure to disclose evidentiary proof (see Matter of Fuscaldo, 24 A D 2d 744).
In view of the foregoing, the motion is denied.