■ In the Matter of the Arbitration between IRA HALL, Appellant, and ROYAL INDEMNITY INSURANCE COMPANY, Respondent. — Judgment unanimously modified on the law and facts in accordance with the memorandum herein, and as so modified affirmed, without costs. Memorandum: We disagree with Special Term's conclusions that the automobile by which the insured person was injured was not a "motor vehicle" within the contemplation of the Vehicle and Traffic Law and that the accident was not a "motor vehicle accident" intended to be covered by article 17-A of the Insurance Law. It appears from the

affidavits that the injuries occurred when the automobile "started and ran into" claimant; it was therefore apparently in operable condition, rather than junk, was undergoing repairs and was a "motor vehicle" within the definition of section 125 of the Vehicle and Traffic Law. The fact that the accident occurred on private property, rather than a public highway, does not remove it from the scope of article 17-A of the Insurance Law. (*Matter of Prato* [*MVAIC*], 49 Misc 2d 955, affd. 26 A D 2d 993; *Matter of Beagle* [*MVAIC*], 26 A D 2d 313, app. dis. 19 N Y 2d 834.) A preliminary trial is required, however, to determine whether the alleged operator of the vehicle which struck claimant was uninsured. (*Matter of MVAIC* [*Linder*], 17 A D 2d 610.) While the burden of establishing the existence of a genuine preliminary issue requiring a hearing is on the party seeking to stay arbitration (*Matter of Kuhn* [*MVAIC*], 31 A D 2d 707), we think the letter from insurer's counsel raising the status of the operator is sufficient to justify a hearing, since claimant's papers contain no positive statement that the operator was uninsured, but simply make the general statement that the automobile was not covered by insurance and the demand for arbitration, signed by claimant's attorney, checked "uninsured motorist" as the basis for the demand. Arbitration should be stayed, not permanently, but pending the determination of the issue of insurance coverage of the operator. (Appeal from judgment of Onondaga Special Term staying arbitration.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.