Albert H. Buschmann, J.
This is a motion by petitioner for permanent stay of arbitration and/or vacating respondent’s *670 demand for arbitration. The motion ¡was argued in Special Term, Part I of this court on ¡January 6,1975.
The- matter arises out of an accident which occurred on May 7, 1974 at or about 5 :30 p.m. in the Borough of Queens, 'City of New York. A bus operated by respondent, a public carrier of passengers for hire, collided with an automobile owned by Arlene Pimenthal and driven by Fernando Pimenthal. A number of passengers on-respondent’s bus suffered injuries and respondent, a self-insurer, recompensed them for those injuries pursuant to article XVIII of the Insurance Law, known as ‘ ‘ Comprehensive Automobile Insurance Reparations Act” or more commonly referred to as the “ No-Fault ” statute.
Subsequently it was ascertained that Arlene Pimenthal was not insured, her policy having been canceled for nonpayment on March .26, 1974. Respondent.! filed claim against petitioner, the Motor Vehicle Accident Indemnification Corporation (MVAIC) to recover the amounts paid the injured passengers under the purview of subdivision 1 of 'section 674 of the Insurance Law and upon refusal demanded arbitration under subdivision .2 of the same section.
Petitioner supports its motion on three principal grounds: (1) absence of contractual agreement to compensate respondent; (2) MVAIC is not an insurer under subdivision 1 of section 674 of the Insurance Law; and (3) failure to make timely application for compensation in accordance with section 608 of the Insurance Law.
Respondent urges that its right to recover against MVAIC emanates directly from section 674 of the Insurance -Law and is neither dependent on the existence of any contractual agreement between the parties, nor the provisions of article 17-A of the Insurance Law creating and defining MVAIC.
Subdivision il of section 674 of the Insurance Law provides: ‘ ‘ Any insurer liable for the payment of first party benefits to or on behalf of a covered person shall have the right to recover the amount of .such benefits so paid from the insurer of any other covered person if and to the extent that such other covered person would have been liable, but for the provisions of this article, to pay damages in an action at law.”
Although the language of this section seems clear and unambiguous, there is no word that is not or will not be sub ject to varying interpretations. Respondent submits that the term “ insurer ” as used in this section is inclusive of MVAIC, thus rendering said corporation subject to its claim. In support of this position, respondent refers to various statutory provisions and cites a *671 number of cases purporting to qualify MVAIC as an insurer of the tort-feasor. (See Matter of Phelan [MV AIC], 52 Misc 2d 341; Matter of Prato [MV AIC], 49 Misc 2d 955.) The court is of the opinion that such position is untenable. Although 'MVAIC may qualify in some respects as providing insurance coverage to the injured person, it cannot be considered as an insurer of the tort-feasor under section -674 of the Insurance Law. Indeed, MVAIC is, pursuant to article 17-A of the Insurance Law, subrogated to the rights of such injured person against such tortfeasor, hardly placing it in the position of an insurer.
Respondent’s claim must fall for yet another and more basic reason. MVAIC is a creature of statute; thus, those conclusions of law normally following upon the operative jural facts cannot be simplistically applied in determining its powers and obligations. The 'financial responsibilities imposed upon MVAIC must be consonant with controlling legislative mandates. Resort to the provisions of article 17-A of the Insurance Law finds an unequivocally expressed intent that MVAIC only provide recompense to those suffering loss through injury or death. (Insurance Law, § 600, subd. [2].) Nowhere in article 17-A or in the case law is authority cited for recovery against MVAIC by an insurer. On the contrary, sections 610 and 611 of the Insurance Law weigh against such proposition by denying the injured person recovery for or on behalf of an insurer.
The court is compelled to conclude that any claim not based upon separate contractual obligation, raised against MVAIC must comply with the substantive arid procedural stricture of article 17-A. ¡Since such section bars claims by an insurer, respondent’s application for arbitration must fail. Having reached this conclusion, the failure of the individual injured passengers to file timely application with MVAIC (see Insurance Law, § 608) provides further ground for denial of arbitration to respondent. The record is void of any reasons excusing the claimants ’ failure to file within the 90-day period, thus rendering their claims ineffective. Commensurately, respondent’s claim must similarly fail.
In view of the law and facts of this case, petitioner’s motion is granted. Accordingly, respondent is permanently stayed from-arbitration and its demand is vacated.