(January 10, 1985)

■ In the Matter of the Arbitration between TRANSAMERICA INSURANCE GROUP et al., Appellants, and LILIETH MARKLAND et al., Respondents. — Order of the Supreme Court, New York County (Alvin F. Klein, J.), entered on July 28, 1983, which granted respondent's application to stay arbitration pending determination as to whether or not respondent has violated subdivision 1 of section 250 of the Vehicle and Traffic Law, is reversed, on the law, to the extent appealed from, and the petition for a permanent stay of arbitration granted, with costs and disbursements.

Respondents herein seek to recover for personal injuries allegedly sustained as a result of a motor vehicle accident which occurred on May 8, 1980 in Queens County, New York. At the time of the incident, respondent Lilieth Markland was driving an automobile registered in California and insured under a policy issued by petitioner Premier Insurance Company, a subsidiary of Transamerica Insurance Group, which is licensed to do business in New York State. Petitioners assert that respondent had moved to New York from California prior to the date of the accident and was thus mandated to procure the insurance coverage required by New York law, whereas it is respondent's contention that she was merely visiting relatives. Although petitioners, pursuant to the policy in question, apparently paid on respondent's claim of property damage, they disclaimed liability with respect to the demand by Lilieth Markland and two family members to recover for personal injuries. In that connection, respondent was advised that she had obtained insurance for comprehensive and collision coverage only. The Marklands subsequently sought arbitration under the no-fault and uninsured motorist provisions of the State Insurance Law, specifically section 676, which applies to nonresident motorists driving

in New York State. Petitioners thereafter commenced the instant proceeding for a permanent stay of arbitration.

Special Term found that while section 676 of the Insurance Law would ordinarily entitle respondents to uninsured motorist coverage, there was an issue of fact necessitating a preliminary stay of arbitration. According to the court, if Lilieth Markland did indeed move to New York and become a resident of this State 30 days prior to the accident, and she failed to comply with the vehicle registration requirement of subdivision 1 of section 250 of the Vehicle and Traffic Law, then she could not invoke the protection afforded by section 676 of the Insurance Law, which declares that: "Every insurer authorized to transact or transacting business in this state, or controlling or controlled by or under common control by or with an insurer authorized to transact or transacting business in this state, which sells a policy providing motor vehicle liability insurance coverage, or any other similar coverage, in any state or Canadian province shall include in each such policy coverage to satisfy the financial security requirements of articles six or eight of the vehicle and traffic law and to provide for the payment of first party benefits pursuant to subdivision one of section six hundred seventy-two of this chapter when a motor vehicle covered by such policy is used or operated in this state, and every such policy shall be construed as if such coverage were embodied therein."

It is respondent's position, and Special Term agreed, that section 676 of the Insurance Law operates to create uninsured motorist coverage in an insurance policy such as the one involved here, which is for comprehensive and collision protection only. However, the statute expressly refers to "motor vehicle liability insurance coverage, or any other similar coverage". While the phrase "any other similar coverage" may be open to some ambiguity, it is highly doubtful that these words are so all-encompassing as to mandate that a comprehensive collision policy only also provide liability coverage. As the Court of Appeals stated in *Rosado v Eveready Ins. Co.* (34 NY2d 43, 48), it "is the public policy of New York to protect the innocent victims of traffic accidents" in order that " 'motorists shall be financially able to respond in damages for their negligent acts, so that innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them.' " The Legislature could scarcely have intended to extend liability insurance to an individual who has clearly failed to purchase such protection despite easily being able to do so and, thereby, allow that person to benefit from a system to which he or she has not contributed.

Moreover, respondents' expansive interpretation of section 676 of the Insurance Law is not supported by the construction placed on that section by the Superintendent of Insurance who, in promulgating the applicable regulation (11 NYCRR 65.5 [a], [b]), has determined that only out-of-State *liability* insurance policies shall be deemed to include provisions satisfying New York's financial security requirements. Unless inconsistent with a specific statutory provision, the Superintendent has broad authority to interpret, clarify and implement legislative policy under the No-Fault Law. (*Breen v Cunard Lines S. S. Co.,* 33 NY2d 508; see, also, *Ostrer v Schenck,* 41 NY2d 782; *Matter of Cady [Aetna Life & Cas. Co. — Lewis]* 61 NY2d 594.) Judicial review of a regulation is limited and the "interpretation given a statute by the administering agency 'if not irrational or unreasonable, should be upheld.'" (*Ostrer v Schenck, supra,* at p 786.) Since it is reasonable to conclude, as did the Superintendent of Insurance, that the term "any other similar coverage" was intended merely to modify, or refer to, the phrase immediately preceding it (that is, "motor vehicle liability insurance coverage"), Special Term should have granted the petition for a permanent stay of arbitration. Concur — Murphy, P. J., Kupferman, Carro and Milonas, JJ.