OPINION OF THE COURT
Harold Tompkins, J.
The constitutionality of the law and its enforcement by the State Insurance Fund that provides that livery car base *906 owners must pay workers’ compensation premiums on behalf of the independent owner-operators is the issue before the court. It arises in the context of the Livery Owners Coalition and individual livery owners’[1] motion for an order enjoining the State Insurance Fund and the Workers’ Compensation Board from enforcing the statute and the State Insurance Fund’s application for an order dismissing plaintiffs’ complaint and declaring the statute[2] and the manner in which it is being enforced is constitutional.
The statute at issue is a recent amendment[3] of the Workers’ Compensation Law that defines as an employer a person or entity which leases or contracts with an operator or lessee for the purpose of driving, operating or leasing a taxicab. An exception to this definition is provided where the owner-operator of the taxicab personally regularly operates the taxicab for 40 or more hours and leases the taxicab for an additional period. If this owner-operator controls, directs, supervises, or has the power of hiring or terminating the lessee, the owner-operator is deemed to be an employer.
The Workers’ Compensation Board is the government agency which enforces the Workers’ Compensation Law. It has imposed fines on livery cab base owners for their failure to pay premiums assessed against them due to owner-operators of the livery cabs. The State Insurance Fund is an agency of the State which, among other things, insures employers for workers’ compensation. It is the insurer of last resort and must issue a policy for any employer which is current on its premiums. It may not cancel a policy, except for nonpayment of premiums. The State Insurance Fund assesses premiums based upon the earnings of employees as provided by the employer. It audits the employer’s books to verify the accuracy of the information provided and to either bill for additional premiums or credit the employer as against future premiums.
*907 The Workers’ Compensation Board and the State Insurance Fund interpret the statute as defining an employer-employee relationship between the livery car base owner and the livery car owner-operators for the purposes of workers’ compensation coverage. Since the base owners are defined as employers of the livery car owner-operators, they must pay the assessed premiums in order to provide coverage for the livery car owner-operators.
The court must give great deference to the interpretation of a statute by the agency responsible for its enforcement (see, Matter of Transamerica Ins. Group [Markland], 107 AD2d 591 [1st Dept 1985]). This is particularly true in the case of a recent enactment where the agency is implementing the legislative policy (supra; City of New York v City Civ. Serv. Commn., 60 NY2d 436, 448 [1983], rearg denied 61 NY2d 759). The court must uphold a reasonable interpretation of the legislation by the agency (see, Golden v Clark, 76 NY2d 618 [1990]; Maresca v Cuomo, 64 NY2d 242 [1984]).
In this matter, the agency’s interpretation furthers the goal of expanding workers’ compensation coverage (see, Matter of Arvatz v Empire Mut. Ins. Co., 171 AD2d 262 [1st Dept 1991]; Clumber Transp. Corp. [Workers’ Compensation Bd.], 160 AD2d 1186 [3d Dept 1990]).
The interpretation of the legislative intent to establish a statutory employer-employee relationship between livery car base owners and the independent owner-operators is a reasonable means of ensuring the livery car owner-operators will obtain coverage (see, Clumber Transp. Corp. [Workers’ Compensation Bd.], supra). The legislative history of the bill indicates that the bill was designed to reflect the "realities of the marketplace” (letter of Assemblyman Robach, dated July 28, 1986 [sponsor of Assembly Bill A 1596-A], Bill Jacket, L 1986, ch 903). It places the economic burden on the base owner and thereby makes assessment and collection of the premiums more efficient.
Plaintiffs’ claims of denial of equal protection have not been substantiated. Workers’ Compensation Law § 2 (3) defines a taxicab by referring to Vehicle and Traffic Law § 148-a which defines a taxicab as any motor vehicle, except a bus, used for transporting passengers for compensation and operating in such business under license or permit. No distinction between medallion taxicabs or livery cars exists for the purposes of Workers’ Compensation Law § 2 (3). However, since the stat *908 ute is a socioeconomic regulation, it needs not be mathematically perfect in its line drawing, merely reasonable (see, Golden v Clark, supra; Schneider v Sobol, 76 NY2d 309, 314 [1990]).
The statute and the agency’s interpretation have a rational basis.[4] Plaintiffs’ motion for an injunction is denied and defendants’ application for an order dismissing the complaint and declaring the statute constitutional on its face and as applied is granted.

. The complaint is brought in the name of the Livery Owners Coalition and John Does 1 — 20,000 representing the owner-operators of livery for hire vehicle. The purported 20,000 John Does are an improper attempt to circumvent the class action requirement of CPLR 901 et seq. The court will consider as plaintiffs only the Livery Owners Coalition and the individual livery owners who have submitted affidavits seeking relief.

. At oral argument held on the record, plaintiffs conceded that the statute was constitutional and limited their challenge to the manner in which it is being applied.

. Laws of 1986 (ch 903).

. There is no basis for plaintiffs’ claim that the statute is against public policy. The act of legislation defines public policy.