■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Respondent, and GRISEL RAMOS, Appellant. [650 NYS2d 210] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about July 31, 1995, which granted

petitioner's application to stay arbitration of respondent's uninsured motorist claim and vacated any award that may have been rendered in petitioner's absence from the arbitration and which denied respondent's cross motion for change of venue to Kings County, unanimously modified, on the law, to deny a stay of arbitration and to reinstate the award, and otherwise affirmed, with costs to respondent-appellant.

Consistent with New York public policy to protect innocent victims of traffic accidents (*Rosado v Eveready Ins. Co.*, 34 NY2d 43, 48), personal protection insurance liability coverage underwritten in a sister State by insurers authorized to do business in New York is required to conform to New York minimum financial requirements and, if not, is deemed to do so (Insurance Law § 5107 [a]; 11 NYCRR 65.5). Accordingly, the IAS Court erred in staying arbitration of an uninsured motorist claim made by a passenger injured in an automobile insured under an out-of-State policy that included liability coverage but did not provide for uninsured motorist coverage. *Matter of Transamerica Ins. Group (Markland)* (107 AD2d 591) is distinguishable in that the policy there contained no liability coverage whatsoever. The cross motion for a change of venue was properly denied (CPLR 7502 [a]). Concur—Milonas, J. P., Kupferman, Ross, Williams and Tom, JJ.