■ In the Matter of MIDWEST MUTUAL INSURANCE COMPANY, Respondent, v FRANCIS PISANI, Appellant. [673 NYS2d 126] —Or-

der, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about February 19, 1997, which granted petitioner insurance company's application to stay the arbitration demanded by respondent of an uninsured motorist claim, unanimously reversed, on the law and the facts, without costs, and the application denied.

Petitioner Midwest Mutual Insurance Company issued the respondent, Francis Pisani, a policy insuring his 1993 Harley Davidson motorcycle, which was registered in Pennsylvania. At the time, Mr. Pisani was a resident of that State. Pennsylvania law provides that an applicant for insurance must be offered uninsured/underinsured motorist coverage but may decline same. in writing. The policy selected by Mr. Pisani provided coverage for property damage and bodily injury for the named insured and dependent relatives. However, he chose not to purchase a policy affording uninsured motorist protection, which he confirmed by signing two forms. On May 18, 1996, Mr. Pisani was struck by an unknown motor vehicle and then by another car while in New York and suffered personal injuries.

Mr. Pisani then served Midwest Mutual with a demand for uninsured motorist arbitration for damages resulting from the accident under the no-fault and uninsured motorist provisions of the New York Insurance Law. The insurance company moved to stay arbitration on the ground that respondent was offered the opportunity to purchase uninsured motorist coverage but expressly refused to do so. The IAS Court agreed and granted a permanent stay of the uninsured motorist arbitration.

An insurance policy containing liability coverage underwritten out-of-State "by insurers authorized to do business in New York is required to conform to New York minimum financial requirements and, if not, is deemed to do so" (*Matter of Allstate Ins. Co. [Ramos]*, 234 AD2d 41; Insurance Law § 5107 [a]; 11 NYCRR 65.5). Contrary to the Supreme Court's rationale, whether respondent was the owner-operator or an innocent passenger, and whether respondent declined the offer of uninsured motorist protection, are facts which are irrelevant to a determination of the instant matter. A motor vehicle insured under an out-of-State policy that contains liability coverage falls within the scope of Insurance Law § 5107 and must be construed to contain uninsured motorist benefits. Therefore, the IAS Court improperly granted the stay of arbitration. Concur—Lerner, P. J., Ellerin, Tom and Andrias, JJ.