■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v DORILY LOPEZ, Respondent. [697 NYS2d 684] —In a proceeding pursuant to CPLR 7503 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Schmidt, J.), entered November 30, 1998, which denied the petition.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the petition to permanently stay arbitration of the respondent's claim for uninsured motorist benefits. "Consistent with New York public policy to protect innocent victims of traffic accidents * * * personal protection insurance liability coverage underwritten in a sister State by insurers authorized to do business in New York is

required to conform to New York minimum financial requirements and, if not, is deemed to do so" (*Matter of Allstate Ins. Co. [Ramos]*, 234 AD2d 41, 42; *see,* Insurance Law § 5107 [a]; 11 NYCRR 65.5). Thus, although the respondent waived uninsured motorist coverage when the appellant issued the subject policy to her in Pennsylvania, that policy "must be construed to contain uninsured motorist benefits" (*Matter of Midwest Mut. Ins. Co. v Pisani,* 250 AD2d 512, 513).

Additionally, the Supreme Court correctly denied the appellant's request for a hearing on the issue of whether the offending vehicle was insured on the date of the collision. The appellant's unsubstantiated conjecture that there may have been some defect in the cancellation of the policy covering the offending vehicle did not warrant a hearing on the issue (*see, Matter of Eagle Ins. Co. v Battershield,* 225 AD2d 545). Bracken, J. P., Santucci, Altman, Friedmann and H. Miller, JJ., concur.