■ In the Matter of AMERICAN INTERNATIONAL INSURANCE COMPANY, Appellant, v KATHERINE DIBUA et al., Respondents. [786 NYS2d 214]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals, as limited by its brief, from so much an order of the Supreme Court, Nassau County (Woodard, J.), dated June 30, 2004, as, without a hearing, denied the petition.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent Katherine Dibua.

The Supreme Court denied the petition of American International Insurance Company (hereinafter AIIC) for a stay of arbitration of a claim for uninsured motorist benefits, finding that the issue of whether the allegedly offending vehicle was insured on the date of the accident was for the arbitrator to decide. This was error, as the threshold issue of whether the offending vehicle was insured on the date of the accident is for the court to determine prior to arbitration of a claim for uninsured motorist benefits (*see Matter of Empire Mut. Ins. Co.,* 36 NY2d 719, 720-721 [1975]).

Nevertheless, we affirm the denial of AIIC's petition for a stay of arbitration without a hearing, since, in response to the showing of the respondent Government Employees Insurance Company that it validly cancelled the insurance policy covering the allegedly offending vehicle prior to the accident, AIIC offered only unsubstantiated conjecture that there may have been some defect in the cancellation procedure (*see Matter of Allstate Ins. Co. v Lopez,* 266 AD2d 209, 210 [1999]; *Matter of Eagle Ins. Co. v Battershield,* 225 AD2d 545 [1996]). Ritter, J.P., Smith, Rivera and Lifson, JJ., concur.