■ In the Matter of AIG CLAIMS SERVICES, INC., on Behalf of NEW HAMPSHIRE INSURANCE COMPANY, Appellant, v ADAM BOBAK, Respondent. [835 NYS2d 925]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered August 17, 2006 in a proceeding pursuant to CPLR article 75. The order granted the petition

in part and stayed the supplementary uninsured motorist arbitration for 90 days to allow for appropriate discovery by petitioner concerning the uninsured motorist claim pending before the arbitrator.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by providing that the arbitration is stayed pending determination of the issues of insurance coverage and as modified the order is affirmed without costs.

Memorandum: Petitioner commenced this action on behalf of the New Hampshire Insurance Company (NHIC) pursuant to CPLR article 75, seeking a permanent stay of arbitration of a claim by respondent against NHIC for supplementary uninsured motorist (SUM) coverage. In the alternative, petitioner sought a temporary stay of arbitration to permit it to join all parties necessary to determine the coverage issues and for a trial on those issues, or to enable it to conduct discovery with respect to the underlying claim. Respondent allegedly sustained serious injuries in an accident in Pennsylvania when the tractor-trailer he was operating for his employer was struck by objects that fell from a truck leased by B-Right Trucking Company, Inc. (B-Right) and owned by Ryder Leasing Company (Ryder). He commenced an action in Pennsylvania against, inter alia, B-Right and Ryder. After B-Right's insurer, Reliance National Indemnity Company (Reliance), became insolvent, respondent submitted a claim for SUM benefits under his employer's policy with NHIC, and then sought arbitration of that claim. Supreme Court granted the petition insofar as it sought a temporary stay, granting petitioner a 90-day stay of the SUM arbitration "in order to allow for appropriate discovery by the Petitioner concerning the uninsured motorist claim now pending before the [arbitrator]."

The parties agree that another insurer issued an excess policy covering B-Right's leased trucks, and there is no reliable evidence in the record whether that insurer has disclaimed coverage. Similarly, the record does not establish whether Ryder had insurance coverage that might benefit respondent, or whether the liquidation of Reliance's assets will provide any benefits to respondent. During the pendency of this appeal, a proceeding was commenced by NHIC in Pennsylvania seeking resolution of those issues. Thus, we conclude that "[a]rbitration should be stayed, not permanently, but pending the determination of the issue[s] of insurance coverage" (*Matter of Hall [Royal Indem. Ins. Co.]*, 34 AD2d 1090, 1091 [1970]; *see also Matter of Government Empls. Ins. Co. v Basedow*, 28 AD3d 766, 767-768 [2006]).

We therefore modify the order accordingly. Present—Martoche, J.P., Smith, Lunn, Fahey and Peradotto, JJ.