In the Matter of the Claim of MICHAEL NKRUMAH, Respondent, v MARION A. THOMAS et al., Doing Business as VENESEN DISPATCH COMPANY, Respondents, and UNINSURED EMPLOYERS' FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [877 NYS2d 515]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed February 27, 2008, which, among other things, ruled that an employer-employee relationship existed between claimant and Venesen Dispatch Company.

Claimant was injured in a car accident while driving a passenger for hire in a vehicle with New York City Taxi and Limousine Commission (hereinafter TLC) license plates registered to Venesen Dispatch Company. Claimant leased the vehicle from Venesen two days per week at a rate of $50 per 12-hour shift. Although the vehicle was a livery cab, which is only authorized to pick up passengers by prearrangement through a licensed base (*see* 35 RCNY 6-16 [f]), the vehicle did not have a dispatch radio and claimant picked up passengers through street hails. After claimant filed a claim for workers' compensation benefits, an investigation revealed that Venesen did not carry workers' compensation insurance, so the Uninsured Employers' Fund (hereinafter UEF) would be responsible for any benefits awarded (*see* Workers' Compensation Law § 26-a [1] [a]). A Workers' Compensation Law Judge conducted a hearing and determined, among other things, that an employer-employee relationship existed between Venesen and claimant. Upon UEF's request for review, the Workers' Compensation Board affirmed. UEF now appeals.

The Board's determination that Venesen and claimant had an employer-employee relationship is supported by substantial evidence (*see Matter of Colin v Express Private Car & Limousine Serv., Inc.*, 16 AD3d 854, 855 [2005]; *Matter of Singleton v Angora*, 299 AD2d 620, 621 [2002]). For workers' compensation purposes, part of the statutory definition of employer is an individual or entity "who leases or otherwise contracts with an operator or lessee for the purpose of driving, operating or leasing a taxicab as so defined in" Vehicle and Traffic Law § 148-a

(Workers' Compensation Law § 2 [former (3)]).[1] A corresponding definition of employee is contained in the next subdivision, which also refers to the Vehicle and Traffic Law definition of "taxicab" (*see* Workers' Compensation Law § 2 [former (4)]). Vehicle and Traffic Law § 148-a defines "taxicab" as "[e]very motor vehicle, other than a bus, used in the business of transporting passengers for compensation, and operated in such business under a license or permit issued by a local authority."[2]

Here, Venesen leased the vehicle to claimant, who operated it to pick up passengers for compensation. The vehicle had TLC license plates and claimant testified that he possessed a hack license, which would permit him to drive for-hire vehicles. These facts provide substantial evidence for the Board's determinations that the vehicle fell under the statutory definition of taxicab, and Venesen and claimant fell within the presumptive definitions of employer and employee (*see Honey Enters. Inc.*, 1995 WL 317057 [WCB No. 09248634, May 18, 1995]). Claimant's violation of TLC regulations—by picking up street hails in a livery cab (*see* 35 RCNY 6-01, 6-16 [f])—does not alter his status as an employee or the vehicle's status as a taxicab under Vehicle and Traffic Law § 148-a (*see Malcolm Radio Group Inc.*, 2005 WL 2376909, *2-3, 2005 NY Wrk Comp LEXIS 8329, *5 [WCB No. 0031 0903, Sept. 23, 2005]).

Even though an employer-employee relationship was established, claimant can only receive workers' compensation benefits if his injury arose both out of and in the course of his employment (*see* Workers' Compensation Law § 10; *Matter of McFarland v Lindy's Taxi, Inc.*, 49 AD3d 1111, 1112 [2008]). Claimant was injured while he was transporting a passenger. His injury clearly arose during the course of his employment, creating a presumption that it arose out of the scope of his employment (*see Matter of Marotta v Town & Country Elec., Inc.*, 51 AD3d 1126, 1127 [2008]; *Matter of McFarland v Lindy's Taxi, Inc.*, 49 AD3d at 1112). While UEF asserts that claimant engaged in illegal activity by picking up street hails, thus removing his actions from the scope of his employment, the Board

1. This portion of the definition contains an exception with additional considerations for owners who themselves drive the taxicab an average of 40 or more hours per week. Based upon the record, that exception is not relevant here.

2. While TLC regulations provide a different definition of "taxicab" (*see* 35 RCNY 2-01), that definition is irrelevant to the question of an employer-employee relationship for workers' compensation purposes because Workers' Compensation Law § 2 specifically refers to the definition of "taxicab" under Vehicle and Traffic Law § 148-a (*see Livery Owners Coalition of N.Y. v State Ins. Fund*, 152 Misc 2d 905, 907 [1992]).

reasonably disagreed. Based on Venesen's provision of a vehicle without a dispatch radio and claimant's testimony that his employer expected him to pick up street hails, Venesen was aware of, and either tolerated or outright encouraged, violation of TLC rules. Under the circumstances, we find disingenuous any argument on behalf of the employer that claimant's conduct should be considered outside the scope of employment and preclude him from receiving workers' compensation benefits (*see Matter of Richardson v Fiedler Roofing*, 67 NY2d 246, 252-253 [1986]; *Malcolm Radio Group Inc.*, 2005 WL 2376909, *3-5, 2005 NY Wrk Comp LEXIS 8329, *5-12; *see also Nelus Julot & Plaisimon Marceh*, 2005 WL 2249381, *3, 2005 NY Wrk Comp LEXIS 7956, *6-7 [WCB No. 0043 4869, Sept. 12, 2005]).

Cardona, P.J., Peters, Lahtinen and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.