■ In the Matter of the Claim of Louis Moysello, Respondent, v Charles David et al., Appellants, et al., Respondent. Workers' Compensation Board, Respondent. [894 NYS2d 202]—

Peters, J.P.

In January 2007, claimant was injured in a motor vehicle accident during the course of his employment as a taxicab driver for David's Taxi. According to the police accident report, the vehicle that claimant was operating at the time of his accident was registered to David Enterprises, Inc., located at 51 Park Avenue in Bay Shore, Suffolk County. The Transportation Industry Workers' Compensation Trust filed a notice of controversy asserting a lack of coverage and an investigation ensued. An investigator for the Workers' Compensation Board's Bureau of Compliance determined that the "true owner" of David Enterprises was Charles David (hereinafter David) and concluded that David Enterprises was located at 88 Park Avenue in Bay Shore. Hearing notices were sent by certified mail to, among others, David and David Enterprises at the 88 Park Avenue address, and a return receipt for David, signed by a "J. David" at that address, was generated.

At the conclusion of the hearing, at which claimant was the only party to appear, a workers' compensation law judge concluded that claimant was employed by David and David Enterprises on the date of his accident—both of which were uninsured in violation of Workers' Compensation Law § 50. David and David Enterprises filed an application for Board review, contending that claimant's actual employer was a related entity, David Brothers, Inc., which purportedly had workers' compensation coverage on the day in question, and that David Enterprises actually was located at 51 Park Avenue in Bay Shore and, hence, did not receive proper notice of the hearing. The Board affirmed, finding that both David and David Enterprises met the presumptive definition of employer contained in Workers' Compensation Law § 2 (former [3]) and that jurisdiction had been properly obtained. This appeal ensued.

We affirm. Insofar as is relevant here, Workers' Compensation Law § 2 (former [3]) defined an "employer" as "a person, partnership, association, or corporation who leases or otherwise contracts with an operator or lessee for the purpose of driving, operating or leasing a taxicab as so defined in" Vehicle and Traffic Law § 148-a. David and David Enterprises concede and the record reflects that David Enterprises was the registered owner of the vehicle that claimant was operating at the time of his accident, and claimant's testimony as to, among other things, the hours he worked and the manner in which he was dispatched fares was sufficient to support the Board's finding

that David and David Enterprises were claimant's employers within the meaning of the statute. As the Board's decision is supported by substantial evidence, it will not be disturbed (*see Matter of Nkrumah v Thomas*, 61 AD3d 1325, 1326-1327 [2009]). As to the notice claim, although the record contains competing addresses for David Enterprises, we cannot say that the Board erred in finding that the employers received proper notice of the hearing. Accordingly, the Board's decision is affirmed.

Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.