In the Matter of the Arbitration between NEW HAMPSHIRE INSURANCE COMPANY, Appellant, and ADAM BOBAK, Respondent, et al., Respondent. (Appeal No. 1.) [900 NYS2d 526]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered July 2, 2008 in a proceeding pursuant to CPLR article 75. The order denied the petition seeking to stay arbitration.

It is hereby ordered that the order so appealed from is reversed on the law without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Adam Bobak, a respondent in appeal No. 1 and the petitioner in appeal No. 2, commenced a personal injury action in Pennsylvania seeking damages for injuries he sustained as a result of a motor vehicle accident in that state. He subsequently submitted a claim for supplemental uninsured/underinsured motorist (SUM) benefits pursuant to his employer's insurance policy with New Hampshire Insurance Company (NHIC), the petitioner in appeal No. 1 and a respondent in appeal No. 2. Bobak sought arbitration following the denial of his claim by NHIC. On a prior appeal we modified the order, granting in part the petition of AIG Claims Services, Inc. (AIG), a respondent in appeal No. 2, seeking on behalf of NHIC a permanent stay of arbitration pursuant to CPLR article 75 (*Matter of AIG Claims Servs., Inc., v Bobak*, 39 AD3d 1178 [2007]). In our decision, we concluded that the " '[a]rbitration should be stayed, not permanently, but pending the determination of the issue[s] of insurance coverage' " (*id.* at 1179).

While that prior appeal was pending in this Court, NHIC commenced an action in Beaver County, Pennsylvania seeking a declaration with respect to the insurance coverage issues. Based on the record before us, it appears that the Pennsylvania action is still pending. Nevertheless, an arbitration date was scheduled at Bobak's request. NHIC then commenced a second proceeding pursuant to CPLR article 75 seeking to stay that arbitration based, inter alia, on the ground that it would be conducted in violation of this Court's prior order staying the arbitration pending the determination of the insurance coverage issues. In appeal No. 1, NHIC appeals from an order denying the petition in that second proceeding. Based on that order, the arbitration was conducted and, in appeal No. 2, NHIC, along with AIG and another entity, appeal from a judgment that, inter alia, confirmed the arbitration award of $1,028,524.40 to Bobak.

We agree with NHIC in appeal No. 1 that Supreme Court erred in failing to comply with our order staying the arbitration pending a determination of the insurance coverage issues. "Trial courts are without authority to vacate or modify orders . . . or

to reverse holdings of this [C]ourt" (*Maracina v Schirrmeister*, 152 AD2d 502, 502-503 [1989]; *see Wiener v Wiener*, 10 AD3d 362 [2004]; *Webb v Zogaria*, 4 AD3d 757 [2004]). The language of our order was unequivocal and, in any event, "if there [were] any uncertainty as to the effect of the language employed, the remedy [would be] an application to [this C]ourt to amend it" (*City of New York v Scott*, 178 Misc 2d 836, 843 [1998]).

Contrary to the dissent, we are unpersuaded that the limited record in this case supports the court's determination that "NHIC unreasonably delayed the determination of the issues of insurance coverage and thereby waived its right to seek a further stay of the arbitration." There is no evidence in the record concerning the reasons for the delay in resolving the Pennsylvania declaratory judgment action, and thus we may not conclude that NHIC is to blame for any delay. Bobak's contention at oral argument of this appeal that state and local rules prohibit him from advancing the case is without merit. Pursuant to Pennsylvania law, any party may move to dismiss an action as abandoned (*see generally* 42 Pa Cons Stat Ann Rules Jud Admin, rule 1901; *Jacobs v Halloran*, 551 Pa 350, 354-355, 710 A2d 1098, 1100-1101 [1998]), and the Beaver County Local Rules of Civil Procedure permit any party to move to schedule a case management conference (*see* Beaver County Local Rules Civ Pro LR 212.4). We therefore reverse the order in appeal No. 1.

With respect to appeal No. 2, NHIC contends that the court erred in confirming the arbitration award because the award violated public policy and the arbitrator exceeded his powers. We note at the outset that NHIC preserved that contention for our review by AIG's commencement of the first proceeding pursuant to CPLR article 75, on behalf of NHIC, seeking a stay of arbitration and by seeking a stay of arbitration in this Court pending the issuance of our decision with respect to the appeal of that order prior to participating in the arbitration (*cf. Matter of Commerce & Indus. Ins. Co. v Nester*, 90 NY2d 255, 261-262 [1997]; *Matter of Windsor Group v Gentilcore*, 8 AD3d 582 [2004]).

Based on the record before us, we are unable to determine whether public policy prohibits confirmation of the arbitration award or whether the arbitrator exceeded his powers. "[SUM] coverage will only be available [only] where the limits of liability of the motor vehicle liable for the damages are in a lesser amount than the bodily injury liability insurance limits of coverage provided by the insured's polic[ies]" (*Matter of State Farm Mut. Auto. Ins. Co. v Roth*, 206 AD2d 376 [1994], *lv denied* 84 NY2d 812 [1995]; *see* Insurance Law § 3420 [f] [2] [A]; *Mauriz-*

*zio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 953 [1989]; *Matter of Allstate Ins. Co. v DeMorato*, 262 AD2d 557 [1999]). NHIC contends that Reliance Insurance Company (Reliance) issued a primary policy covering the vehicle of the individual responsible for the motor vehicle accident and that Travelers Insurance Company (Travelers) issued an excess policy covering that vehicle. NHIC further contends that the limits of those policies exceed its SUM coverage. Bobak, however, contends that Reliance provided no coverage of the vehicle at issue because it became insolvent, that the Ohio Insurance Guaranty Association has assumed responsibility for Reliance's liabilities but will provide coverage only that is excess to SUM coverage, and that Travelers has disclaimed liability. There is no documentary or other evidence in the record upon which we are able to rely to assess the accuracy of those contentions. It is well settled that "the threshold issue of whether the offending vehicle was insured on the date of the accident is for the court to determine prior to arbitration of a claim for [SUM] benefits" (*Matter of American Intl. Ins. Co. v Dibua*, 13 AD3d 365 [2004], *lv denied* 4 NY3d 706 [2005]; *see Matter of Empire Mut. Ins. Co. [Stroud—Boston Old Colony Ins. Co.]*, 36 NY2d 719, 720-721 [1975]). Here, as noted, there has been no resolution of that threshold issue, and the record is not sufficient to permit this Court to determine that issue and thus to assess the propriety of the judgment in appeal No. 2. We therefore hold that appeal and reserve decision. We remit the matters in appeal Nos. 1 and 2 to Supreme Court for determination of the issues of insurance coverage (*see generally Matter of Mercury Ins. Group v Ocana*, 46 AD3d 561, 563 [2007]; *Matter of Allstate Ins. Co. v Anderson*, 303 AD2d 496, 497-498 [2003]), inasmuch as it appears that there has been no final determination of those issues in the Pennsylvania declaratory judgment action. We direct the court upon remittal to join all necessary parties (*see generally Matter of Eagle Ins. Co. [Villegas—State Farm Mut. Auto. Ins. Co.]*, 307 AD2d 879 [2003]), and to conduct a framed-issue hearing to determine the issues of insurance coverage (*see generally Matter of General Assur. Co. v Rahmanov*, 56 AD3d 332, 333 [2008]; *Matter of Travelers Indem. Co. v Fernandez*, 55 AD3d 746, 748 [2008]). We further direct the court upon remittal in appeal No. 1 to make a new determination of the petition seeking a permanent stay of arbitration.

All concur except Martoche, J.P., and Green, J., who dissent and vote to affirm in the following memorandum.

Martoche, J.P., and Green, J. (dissenting). We respectfully dissent. As noted by the majority, we concluded on a prior appeal

in this case with respect to the first petition seeking to stay the arbitration in question that the " '[a]rbitration should be stayed, not permanently, but pending the determination of the issue[s] of insurance coverage' " in a declaratory judgment action commenced in Pennsylvania by New Hampshire Insurance Company (NHIC), the petitioner in appeal No. 1 and a respondent in appeal No. 2 (*Matter of AIG Claims Servs., Inc., v Bobak*, 39 AD3d 1178, 1179 [2007]). At the time of the prior appeal, the Pennsylvania action had been pending for over five months. Another 14 months had elapsed when NHIC commenced the second proceeding in New York seeking to stay the arbitration. NHIC does not dispute that it did nothing further, in the Pennsylvania action or otherwise, to resolve the insurance coverage issues. Contrary to the view of the majority, we conclude in appeal No. 1 that Supreme Court properly interpreted our prior order when it denied NHIC's petition in the second proceeding to stay the arbitration. "A stay can be a drastic remedy, 'on the simple basis that justice delayed is justice denied' " (*660 Riverside Dr. Aldo Assoc. v Marte*, 178 Misc 2d 784, 786 [1998]). The stay in our prior order was not of indefinite duration and was not intended to allow NHIC to benefit from its inactivity. Indeed, in our view the court properly concluded that NHIC unreasonably delayed the determination of the issues of insurance coverage and thereby waived its right to seek a further stay of the arbitration (*see Progressive Northeastern Ins. Co. v Vandusen*, 22 Misc 3d 1128[A], 2009 NY Slip Op 50321[U], *2-3; *see also Matter of Connecticut Indem. Ins. Co. [Laperla]*, 21 AD3d 1262 [2005]).

We further conclude that, contrary to the view of the majority in appeal No. 2, the court properly confirmed the arbitration award. NHIC "did not meet its heavy burden of demonstrating that the arbitrator's award is violative of a strong public policy . . . [or] totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Buffalo Professional Firefighters Assn. Local 282 [City of Buffalo]*, 12 AD3d 1087, 1088 [2004] [internal quotation marks omitted]). We therefore would affirm the order and the judgment in appeal Nos. 1 and 2, respectively. Present—Martoche, J.P., Smith, Peradotto, Green and Pine, JJ.