# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1387**
**CA 14-00945**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

IN THE MATTER OF ARBITRATION BETWEEN USAA
INSURANCE COMPANY, PETITIONER-RESPONDENT,

AND                                    MEMORANDUM AND ORDER

DANIEL B. ARMSTRONG AND MANDY M. ARMSTRONG,
RESPONDENTS-APPELLANTS.

GREENE & REID, PLLC, SYRACUSE (EUGENE W. LANE OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

SUGARMAN LAW FIRM, LLP, SYRACUSE (KEVIN R. VAN DUSER OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County (Hugh A. Gilbert, J.), entered December 24, 2013 in a proceeding pursuant to CPLR article 75. The order granted the petition for a temporary stay of arbitration.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to CPLR 7503 (b), respondents appeal from an order granting the petition of USAA Insurance Company (USAA) for a temporary stay of arbitration. Supreme Court granted the petition on the ground that respondents' demand for arbitration was premature inasmuch as respondents had not complied with the terms of the endorsement for supplementary uninsured/underinsured motorist (SUM) coverage by submitting to an examination under oath and providing other discovery. Respondents contend that the default judgment they obtained against the underinsured tortfeasor is conclusive on the issue of damages under the terms of the SUM endorsement, thereby precluding USAA from challenging the amount of damages at arbitration; as a consequence, respondents assert that discovery is irrelevant with respect to the issue of damages. We reject that contention. We conclude that, "the terms of the SUM endorsement clearly provide that any sum [USAA] was obligated to pay [respondents] . . . was subject to arbitration" (*Matter of Aftor v Geico Ins. Co.*, 110 AD3d 1062, 1064; *see* 11 NYCRR 60-2.3 [f] [condition 12]). We further conclude that, while the SUM endorsement requires USAA to pay respondents any amount to which respondents are "legally entitled," such payment is contingent upon the satisfaction of the "Exclusions, Conditions, Limits and other provisions of [the] SUM endorsement" (11 NYCRR 60-2.3 [f]). The

conditions to be satisfied include the discovery provisions set forth in the SUM endorsement (*see* 11 NYCRR 60-2.3 [f]; *see generally Matter of AIG Claims Servs., Inc. v Bobak*, 39 AD3d 1178, 1179).  The court therefore properly granted the temporary stay of arbitration "to permit [r]espondents to comply with" such terms.

Entered:  January 2, 2015                          Frances E. Cafarell
                                                  Clerk of the Court