— In a proceeding pursuant to CPLR article 75 to stay arbitration of an agreement dated May 6, 2013, the petitioners appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated March 25, 2015, which denied the petition.
 

 Motion by the respondent to dismiss the appeal on the ground that the appellants forfeited their right to appeal by participating in the subject arbitration between the parties. By decision and order on motion of this Court dated June 30, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
 

 Upon the papers filed in support of the motion to dismiss the appeal and the papers filed in opposition thereto, and upon the argument of the appeal, it is
 

 Ordered that the motion to dismiss the appeal is granted; and it is further,
 

 Ordered that the appeal is dismissed, with costs.
 

 The petitioners failed to preserve their right to appellate review of the order dated March 25, 2015, which denied their petition to stay arbitration of an agreement dated May 6, 2013 (see Matter of Commerce & Indus. Ins. Co. v Nester, 90 NY2d 255, 262 [1997]). The petitioner Mauzone Mania, LLC, did not seek interim relief from this Court (see Matter of Goldweber & Hershkowitz v Digsby, 32 AD3d 853, 853 [2006]; Matter of Windsor Group v Gentilcore, 8 AD3d 582, 582 [2004]; Matter of One Beacon Ins. Co. v Bloch, 298 AD2d 522, 523 [2002]). Additionally, although the petitioner Palace Foods, LLC, sought a stay in this Court pending the hearing and determination of the appeal, it did so after participating in the arbitration (cf. Matter of New Hampshire Ins. Co. [Bobak], 72 AD3d 1647, 1649 [2010]). Under these circumstances, the appeal must be dismissed (see CPLR 7503 [b]; Matter of Commerce & Indus. Ins. Co. v Nester, 90 NY2d at 261-265).
 

 We decline the respondent’s request to impose a sanction upon the petitioners for pursuing an allegedly frivolous appeal (see 22 NYCRR 130-1.1).
 

 Dillon, J.R, Barros, Connolly and Ian-nacci, JJ., concur.